1  Arlo Garcia Uriarte, SBN 231764
2  Un Kei Wu, SBN 270058
   Ernesto Sanchez, SBN 278006
3  Daniel P. Iannitelli, SBN 203388
   Jonathan S. Rebong, SBN 235683
4  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
5  San Francisco, CA 94110
   Telephone: (415) 695-1000
6  Facsimile: (415) 695-1006

7
   Attorneys for Plaintiffs
8  **Edgardo Dones**
   **Romeo Vitae**
9  **Emmanuel Berjamin**

10

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                      OAKLAND DIVISION

14

15  Edgardo Dones, Romeo Vite, Emmanuel     Case No.  4:18-cv-01503-YGR
16  Berjamin, on behalf of themselves, others
    similarly situated, and general public,    CLASS ACTION
17
                                               ~~REVISED [PROPOSED]~~ ORDER
18                  Plaintiffs,                 **GRANTING MOTION FOR**
                                               **PRELIMINARY APPROVAL OF CLASS**
19                                             **ACTION SETTLEMENT**
            v.
20                                             *as modified by the Court*
21  Primeflight Aviation Services, Inc., and
22  DOES 1-25,                                 Hearing Date: April 2, 2019
                                               Time: 2:00 PM
23                  Defendants.                Courtroom: 1

24                                             Action filed: October 30, 2017
25                                             Date of Removal: March 8, 2018

26                                             **Hon. Yvonne Gonzalez Rogers**

27

28

Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement came before this Court, the Honorable Yvonne Gonzalez Rogers, presiding, on April 2, 2019. (Dkt. No. 32.) The Court, having considered the papers and oral arguments submitted in support thereof, **HEREBY ORDERS THE FOLLOWING:**

1.      The Court grants preliminary approval of the proposed class action settlement based upon the terms set forth in the Stipulation of Class Action Settlement and Release of Claims ("Agreement") previously filed by Plaintiffs, and attached hereto as Exhibit 1. The Settlement appears to be fair, adequate, and reasonable to the "Settlement Class."

2.      For purposes of this Order, the Settlement Class is defined as follows:

> **All current and former hourly or non-exempt employees of Defendant Primeflight Aviation Services, Inc. who worked in the State of California at any time from four years preceding the date of filing of this action through the entry of order granting preliminary approval of class action settlement in this action and who did not enter into an arbitration agreement with Defendant.**

3.      The Settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court.

4.      A final fairness hearing to determine whether the proposed Settlement, attorneys' fees and costs to Class Counsel, enhancement awards to Plaintiffs, the settlement administration costs, and the *cy pres* designee should be finally approved as fair, adequate, and reasonable as to the members of the Class is scheduled for **Tuesday, September 10, 2019, at 2:00 p.m.** in Courtroom 1 of the United States District Court for the Northern District of California (Oakland Division), 1301 Clay Street, Oakland, California 94612.

5.      The Court approves, as to form and content, the Notice to Class Members in substantially the same the form as attached hereto as Exhibit 2. The Court approves the procedure for Class Members to opt out and object to the Settlement as set forth in the Notice to Class Members.

6.      The Court directs the mailing of the Notice to Class Members by first class mail in accordance with the Implementation Schedule set forth below. The Court finds that the dates

selected for the mailing and distribution of the Notice as set forth in the Settlement Agreement and below, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7.    It is ordered that the Settlement Class is preliminarily certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3).

8.    The Court appoints Arlo Garcia Uriarte of Liberation Law Group, P.C. as Class Counsel provisionally for purposes of this Settlement and subject to final approval of the class action settlement.

9.    The Court appoints Plaintiffs Edgardo Dones and Emmanuel Berjamin as Class Representatives provisionally for purposes of this Settlement and subject to final approval of the class action settlement.

10.    The Court approves CPT Group, Inc. as the Settlement Administrator.

11.    The Court orders the following Implementation Schedule for further proceedings:

| | |
|---|---|
| Preliminary Approval | April 12, 2019 |
| Deadline for Defendant to Provide "Class Data," as defined by the Agreement, to the Settlement Administrator | April 26, 2019 |
| Deadline for Settlement Administrator to Mail Notice to Class Members | May 17, 2019 |
| Deadline for Postmark of Any Request for Exclusion | 60 Days from Mailing of Notice |
| Deadline for Filing and Postmark of Any Objection | 60 Days from Mailing of Notice |
| Deadline for Class Counsel to file Motion for Final Approval of Class Settlement | July 31, 2019 |
| Deadline for Class Counsel to file Motion for Attorneys' Fees | July 31, 2019 |
| Final Approval Hearing | September 10, 2019 |

1    12.    The Court expressly reserves the right to adjourn or continue the Final Fairness

2    Hearing without further notice to members of the Settlement Class.

3    This Order terminates Docket Number 32.

4    **IT IS SO ORDERED.**

5

6    DATED: April 12, 2019

7    _____
     Hon. Yvonne Gonzalez Rogers
     UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

1  Arlo García Uriarte, SBN 231764
2  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
3  San Francisco, CA 94110
   Telephone: (415) 695-1000
4  Facsimile: (415) 695-1006

5  Attorneys for Plaintiffs
   Edgardo Dones
6  Emmanuel Berjamin
   Romeo Vite

7

8  GREGORY C. CHENG, CA Bar No. 226865
   gregory.cheng@ogletree.com
9  CAROLYN B. HALL, CA Bar No. 212311
   carolyn.hall@ogletree.com
10 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300 One Market Plaza
11 San Francisco, CA 94105
   Telephone: 415.442.4810
12 Facsimile: 415.442.4870

13 Attorneys for Defendant
   PrimeFlight Aviation Services, Inc.
14

15             **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17                    **OAKLAND DIVISION**

18 | Edgardo Dones, Romeo Vite, Emmanuel | Case No.  4:18-cv-01503-YGR |
19 | Benjamin, on behalf of themselves, others similarly situated, and general public, | **STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS** |
20 | Plaintiffs, | |
21 | v. | Complaint filed:    October 30, 2017 |
   | | Date of Removal:   March 8, 2018 |
22 | Primeflight Aviation Services, Inc., and DOES 1-25, | **Hon. Yvonne Gonzalez Rogers** |
23 | | |
24 | Defendants. | |
25

26

27

28

1    This Stipulation of Class Action Settlement and Release of Claims ("Agreement" or

2 "Settlement Agreement") is entered into between Named Plaintiffs Edgardo Dones and Emmanuel

3 Berjamin (and on behalf of themselves and the Settlement Class, as defined below), and defendant

4 PrimeFlight Aviation Services, Inc. Named Plaintiffs and Defendant (collectively, the "Parties")

5 enter into this Agreement to effect a full and final settlement and dismissal of all claims brought

6 against Defendant in *Edgardo Dones, et al. v. PrimeFlight Aviation Services, Inc.,* United States

7 District Court for the Northern District of California, Case No. Case No. 4:18-cv-01503-YGR.

8                                **I.      DEFINITIONS**

9        A.      "Action" means *Edgardo Dones, et al. v. PrimeFlight Aviation Services, Inc.*, filed

10 on October 30, 2017, in the Superior Court for the State of California, County of San Francisco,

11 and assigned Case Number CGC-17-562193, removed on March 8, 2018 to the United States

12 District Court for the Northern District of California, Case No. Case No. 4:18-cv-01503-YGR,

13 pending before the Honorable District Judge Yvonne Gonzalez Rogers.

14       B.      "Agreement" or "Settlement Agreement" means this Stipulation of Class Action and

15 Release of Claims.

16       C.      "Class" or "Class Members" means all current and former hourly or non-exempt

17 employees who were employed by Defendant in the State of California during the Covered Period

18 and who did not enter into a valid agreement to arbitrate claims with Defendant.  There are

19 approximately 341 individuals that comprise the Class.

20       D.      "Class Counsel" means Arlo García Uriarte of Liberation Law Group, P.C.

21       E.      "Class Counsel Award" means such award of fees and costs and expenses as the

22 Court may authorize to be paid to Class Counsel for the services they have rendered and will

23 render to Plaintiffs and the Class in the Action. The Class Counsel Award will not exceed 30% of

24 the Maximum Settlement Amount, which is One Hundred Thirty-Three Thousand Two Hundred

25 Dollars ($133,200.000), plus Class Counsel's actual costs and expenses as supported by

26 declaration.

27       F.      "Class Data" means information regarding Class Members that Defendant will in

28 good faith compile from its records and provide to the Settlement Administrator.  It shall be

formatted as a Microsoft Excel spreadsheet and shall include: each Class Member's (1) full name; (2) employee number; (3) last known address; (4) last known home telephone number; (5) Social Security number; and (6) start dates and end dates of employment with Defendant.

G.    "Class Representatives" means Named Plaintiffs Edgardo Dones and Emmanuel Berjamin. Named Plaintiff Romeo Vite entered into an enforceable valid agreement to arbitrate his claims with Defendant and thus is not a Class Member.

H.    "Class Representatives Service Awards" means the amount that the Court authorizes to be paid to Named Plaintiffs Edgardo Dones and Emmanuel Berjamin, in addition to their Individual Settlement Payments, in recognition of their efforts and risks in assisting with the prosecution of the Action and in exchange for executing a General Release of Defendant.

I.    "Compensable Workweeks" means the number of workweeks during which Class Members worked for Defendant during the Covered Period.  Using the Class Data, the Settlement Administrator will calculate the number of Compensable Workweeks by calculating the number of days each Class Member was employed during the Covered Period, dividing by seven (7), and rounding up to the nearest whole number.

J.    "Complaint" means the Complaint filed by Named Plaintiffs Edgardo Dones, Emmanuel Berjamin and Romeo Vite on October 30, 2017 in this Action,

K.    "Court" means the United States District Court for the Northern District of California.

L.    "Covered Period" means the period from October 30, 2013 through the date upon which the Court grants Named Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

M.    "Defendant" means PrimeFlight Aviation Services, Inc., an Ohio corporation.

N.    "Defendant's Counsel" means Gregory C. Cheng and Carolyn B. Hall of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

O.    "Effective Date" means: (i) if any timely objections are filed, the date of expiration of the time to file appeals regarding an Order granting final approval, or the resolution of any such appeals in a way that does not alter the terms of the settlement; or (ii) if no timely objections are

filed, the date upon which the Court enters the Final Approval Order and Judgment.

P.    "Employer-side Payroll Taxes" means the employer's portion of FICA, FUTA, and all other state and federal payroll taxes, which shall be paid out of the Maximum Settlement Amount.

Q.    "Final Approval" means that the Final Approval Order and Judgment have been entered by the Court.

R.    "Final Approval Hearing" means the hearing on the Motion for Final Approval of the Settlement.

S.    "Final Approval Order and Judgment" means the Order and Judgment Granting Final Approval of the Class Settlement, which shall be submitted with the Motion for Final Approval of the Settlement.

T.    "Individual Settlement Payment" means the amount payable from the Net Settlement Amount to each Settlement Class Member.

U.    "Maximum Settlement Amount" means the maximum amount of Four Hundred Forty-Four Thousand Dollars ($444,000.00) that Defendant will pay as a result of this Stipulation of Settlement, which shall cover all Individual Settlement Payments, Employer-side Payroll Taxes, the Class Representatives Service Awards, the Class Counsel Award, and the Settlement Administration Costs.

V.    "Named Plaintiffs" means Edgardo Dones, Emmanuel Berjamin and Romeo Vite.

W.    "Net Settlement Amount" or "NSA" means the Maximum Settlement Amount, less: (1) the Class Counsel Award; (2) the Class Representatives Service Awards; (3) Employer-side Payroll Taxes; and (4) Settlement Administration Costs.

X.    "Notice" means the Notice of Class Action Settlement to be mailed to the Class Members, in a form substantially similar to the form attached hereto as "**Exhibit 1**."

Y.    "PAGA" means the California Labor Code Private Attorneys General Act of 2004.

Z.    "Parties" means Named Plaintiffs Edgardo Dones and Emmanuel Berjamin and Defendant, collectively, and "Party" shall mean either Named Plaintiffs or Defendant, individually.

AA.    "Payment Ratio" means the respective Compensable Workweeks for each

Settlement Class Member divided by the total Compensable Workweeks for all Settlement Class Members.

BB.    "Preliminary Approval Date" means the date the Court enters an order granting preliminary approval of the Settlement.

CC.    "Released Claims" means all causes of action that were alleged or reasonably could have been alleged in the operative complaint based on the facts, legal theories, or causes of action contained therein, including but not limited to all associated claims for: (a) unpaid regular and overtime wages; (b) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof; (c) failure to provide proper rest breaks, and to properly provide premium pay in lieu thereof; (d) waiting time penalties for untimely final pay; (e) improper and/or inaccurate wage statements; (f) unfair business practices based on the afore-referenced claims and as alleged in the Complaint; (g) the aggrieved employee portion (25%) as to any civil penalties under the Labor Code Private Attorneys General Act ("PAGA") based on the afore-referenced claims; (h) any other claims or penalties under the wage and hour laws pleaded in the Action based on the afore-referenced claims and as alleged in the Complaint; and (i) all damages, penalties, interest and other amounts recoverable under the afore-referenced claims under said causes of action under California and federal law, to the extent permissible, as to the facts alleged in the Action, including the applicable Wage Orders as to the facts alleged in the Complaint (collectively, the "Released Claims"). The period of the Release shall extend to the limits of the Covered Period. The *res judicata* effect of the Judgment will be the same as that of the Release.

DD.    "Released Parties" means Defendant and its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers, including but not limited to "Does 1 through 25," as defined in the Complaint.

EE.    "Response Deadline" means the date sixty (60) days after the Settlement Administrator mails Notice Packets to Class Members and the last date on which Class Members may submit requests for exclusion or objections to the Settlement.

FF.    "Settlement" means the disposition of the Action pursuant to this Agreement.

GG.    "Settlement Administration Costs" means the fees and expenses reasonably incurred by the Settlement Administrator as a result of the procedures and processes expressly required by this Agreement, which are not to exceed Ten Thousand Dollars ($10,000.00).

HH.    "Settlement Administrator" means CPT Group, Inc..

II.    "Settlement Class Members" or "Settlement Class" means all Class Members after excluding any person who submits a timely and valid request for exclusion as provided in this Agreement.

## II.    RECITALS

A.    <u>Class Certification</u>.  The Parties stipulate to provisional class certification of the Class for purposes of settlement only.  If the Court does not grant either preliminary or final approval of this settlement, this provisional class certification shall immediately be set aside and the Class immediately decertified (subject to further proceedings on motion of any party to certify or deny certification thereafter) and this Agreement shall not constitute or be used as evidence that class certification is appropriate.  If the Court does not grant either preliminary or final approval of this settlement, the Parties shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed, except that any costs actually incurred by the Settlement Administrator shall be paid by equal apportionment among the Parties.

B.    <u>Procedural History</u>.  On October 30, 2017, Named Plaintiffs Edgardo Dones, Emmanuel Berjamin and Romeo Vite filed a putative class action Complaint in the San Francisco County Superior Court, alleging claims for Defendant's failure to pay minimum and overtime wages, failure to provide compliant meal and rest periods and associated premium pay; failure to timely pay wages, and failure to provide accurate wage statements, along with derivative claims for restitution under California Business & Professions Code sections 17200, *et seq.*, and claims for interest, attorneys' fees and costs.  On March 8, 2018, Defendant removed the Action to the United States District Court for the Northern District of California. On June 21, 2018, Class Counsel notified the California Labor and Workforce Development Agency of Defendant's alleged Labor

Code violations and Named Plaintiffs' intention to seek civil penalties under PAGA.

C.      The Class Representatives believe they have meritorious claims based on alleged violations of the California Labor Code, and that class certification is appropriate because the prerequisites for class certification can be satisfied in the Action.

D.      Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, disputes the damages and penalties claimed by the Class Representatives, and further contends that, for any purpose other than settlement, the Action is not appropriate for class or representative action treatment.  Defendant contends, among other things, that at all times it complied with the California Labor Code, and the Industrial Wage Commission Orders.

E.      On September 6, 2018, the Parties attended a day-long mediation session with Mark C. Peters, Esq., a well-respected mediator with experience in mediating wage and hour class actions. The mediation did not result in a resolution of the Action on that day.  The Parties engaged in subsequent discussions which resulted in a complete settlement of this case on November 6, 2018, as memorialized as to material terms in a Memorandum of Agreement. Based on Defendant's assertion that Named Plaintiff Romeo Vite's claims were subject to an enforceable arbitration agreement, the Parties reached a separate, confidential settlement with Plaintiff Vite, on an individual basis. Named Plaintiffs Edgardo Dones and Emmanuel Berjamin are proceeding to represent the Class Members, as defined in Section I.C, above.

F.      The Parties believe that the Settlement is fair, reasonable and adequate. The Settlement was arrived at through arm's-length negotiations, taking into account all relevant factors. The Parties recognize the uncertainty, risk, expense and delay attendant to continuing the Action through trial and any appeal. Accordingly, the Parties desire to fully, finally, and forever settle, compromise and discharge all disputes and claims arising from or relating to the Action.

## III.    TERMS OF AGREEMENT

A.      <u>Settlement Consideration</u>.  Defendant shall pay up to the Maximum Settlement Amount.  The Parties agree that this is a non-reversionary Settlement and that no portion of the Maximum Settlement Amount shall revert to Defendant.  In no event shall Defendant be required to pay more than the Maximum Settlement Amount.

B.    <u>Release By All Settlement Class Members</u>.  As of the Effective Date, in exchange for the consideration set forth in this Agreement, Named Plaintiffs (as used hereinafter, "Named Plaintiffs" shall refer to Edgardo Dones and Emmanuel Berjamin) and the Settlement Class Members release the Released Parties from the Released Claims for the Covered Period. Settlement Class Members hereby expressly waive any recovery under PAGA as an aggrieved employee and any right they may have to act as a PAGA representative.  Named Plaintiffs and the Settlement Class Members may hereafter discover facts or legal arguments in addition to or different from those they now know or currently believe to be true with respect to the claims, causes of action and legal theories of recovery in this case which are the subject matter of the Released Claims.  Regardless, the discovery of new facts or legal arguments shall in no way limit the scope or definition of the Released Claims, and by virtue of this Agreement, Named Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the final judgment approved by the Court, shall have, fully, finally, and forever settled and released all of the Released Claims as defined in this Agreement.

C.    <u>General Release By Named Plaintiffs</u>.  As of the Effective Date, in consideration for the consideration set forth in this Agreement, Named Plaintiffs, for themselves and their heirs, successors and assigns, do hereby waive, release, acquit and forever discharge the Released Parties, from any and all claims, actions, charges, complaints, grievances and causes of action, of whatever nature, whether known or unknown, which exist or may exist on Named Plaintiffs' behalf as of the date of this Agreement, including but not limited to any and all tort claims, contract claims, wage claims, wrongful termination claims, disability claims, benefit claims, public policy claims, retaliation claims, statutory claims, personal injury claims, emotional distress claims, invasion of privacy claims, defamation claims, fraud claims, quantum meruit claims, and any and all claims arising under any federal, state or other governmental statute, law, regulation or ordinance, including, but not limited to claims for violation of the Fair Labor Standards Act, the California Labor Code, the Wage Orders of California's Industrial Welfare Commission, other state wage and hour laws, the Americans with Disabilities Act, the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act, the

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

California Family Rights Act, the Family Medical Leave Act, California's Whistleblower Protection Act, California Business & Professions Code Section 17200 *et seq*., the California Labor Code Private Attorneys General Act of 2004, California Labor Code Section 2699 *et seq.* ("PAGA"), and any and all claims arising under any federal, state or other governmental statute, law, regulation or ordinance.  Named Plaintiffs hereby expressly waive any right they may have to act as a PAGA representative.  Named Plaintiffs hereby expressly waive and relinquish any and all claims, rights or benefits that they may have under California Civil Code § 1542, which provides as follows: ***A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.***  Named Plaintiffs may hereafter discover claims or facts in addition to, or different from, those which they now know or believe to exist, but they each expressly agree to fully, finally and settle and release any and all claims against the Released Parties, known or unknown, suspected or unsuspected, which exist or may exist on behalf of or against the other at the time of execution of this Agreement, including, but not limited to, any and all claims relating to or arising from Named Plaintiffs' employment with Defendant.  The Parties further acknowledge, understand and agree that this representation and commitment is essential to the Agreement and that this Agreement would not have been entered into were it not for this representation and commitment. Without limiting the scope of this Agreement, each Named Plaintiff, in the event he receives a service award, agrees that this Agreement constitutes a knowing and voluntary waiver of any and all rights or claims that exist or that each Named Plaintiff may claim to have under the ADEA, as amended by the Older Workers' Benefit Protection Act of 1990 (29 U.S.C. § 621 *et seq.*).  Each Named Plaintiff acknowledges all of the following:

   1. The consideration provided pursuant to this Agreement, including the possibility of a service award, is in addition to any consideration that he would otherwise be entitled to receive;

   2. Each Named Plaintiff has been and is advised in writing to consult with an attorney prior to signing this Agreement;

3.        Each Named Plaintiff has been provided a full and ample opportunity to study this Agreement, including a period of at least twenty-one (21) calendar days within which to consider it;

4.        To the extent that either Named Plaintiff takes fewer than twenty-one (21) calendar days to consider this Agreement prior to signing it, such Named Plaintiff acknowledges that he had sufficient time to consider this Agreement with legal counsel and that he expressly, voluntarily, and knowingly waives the full twenty-one (21) calendar-day period;

5.        Each Named Plaintiff agrees that any changes made to the Agreement during the twenty-one (21) day period (whether material or immaterial) do not restart the running of the twenty-one (21) day period; and

6.        Each Named Plaintiff is aware of his right to revoke this waiver of claims under the ADEA any time within the seven (7) calendar-day period following the date of full execution of this Agreement and that the waiver of claims under the ADEA shall not become effective or enforceable until the seven (7) calendar-day revocation-period expires. Notwithstanding each Named Plaintiff's right to revoke the waiver of claims under the ADEA, the remainder of the terms of this Agreement shall become effective and enforceable as of the date the Parties sign this Agreement.

7.        To be effective, timely notice of revocation of the waiver of ADEA claims must be made in writing and delivered to Defendant through its counsel, Gregory C. Cheng, Esq., at Ogletree Deakins Nash Smoak & Stewart, P.C., One Market Plaza, Steuart Tower, Suite 1300, San Francisco, California 94105, no later than the seventh (7th) day after the date of Preliminary Approval.  Each Named Plaintiff agrees to keep written documentation proving that such Named Plaintiff revoked this Agreement as provided in this paragraph, either by keeping the documents attesting to the delivery of the revocation, or verification that the fax was, in fact, received.

D.        <u>Conditions Precedent</u>:  This Settlement will become final and effective only upon the occurrence of all of the following events:

1.        The Court enters an order granting preliminary approval of the Settlement;

2.        The Court enters a Final Approval Order and Judgment;

3.    The time for appeal of the Final Approval Order and Judgment expires; or, if an appeal is timely filed, there is a final resolution of any appeal from the Final Approval Order and Judgment; and

4.    Defendant does not invoke its right to revoke the Settlement as described in paragraph III(O) herein.

E.    <u>Nullification of Settlement Agreement</u>.  In the event that this Settlement Agreement is not preliminarily or finally approved by the Court, fails to become effective (as set forth in Section III.D) , or is reversed, withdrawn or modified by the Court, or in any way prevents or prohibits Defendant from obtaining a complete resolution of the claims as described herein:

1.    This Settlement Agreement shall be void *ab initio* and of no force or effect, and shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural;

2.    The conditional class certification (obtained for any purpose) shall be void *ab initio* and of no force or effect, and shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; and

3.    None of the Parties to this Settlement will be deemed to have waived any claims, objections, defenses or arguments in the Action, including with respect to the issue of class certification.

F.    <u>Certification of the Class</u>.  The Parties stipulate to conditional class certification of the Class for the Covered Period for purposes of settlement only.  In the event that this stipulation is not approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court, or in any way prevents or prohibits Defendant from obtaining a complete resolution of the claims as described herein, the conditional class certification (obtained for settlement purposes) shall be void *ab initio* and of no force or effect, and shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural.

G.    <u>Tax Liability</u>.  The Parties make no representations as to the tax treatment or legal effect of the payments called for hereunder, and Settlement Class Members are not relying on any

statement or representation by the Parties in this regard. Settlement Class Members understand and agree that they will be responsible for the payment of any taxes and penalties assessed on the Individual Settlement Payments described herein and will hold the Parties free and harmless from and against any claims, liabilities, costs and expenses, including attorney's fees, resulting in any way from personal tax treatment of the payments made pursuant to this Agreement, including the treatment of such payments as not subject to withholding or deduction for payroll and employment taxes.

H.      Circular 230 Disclaimer. Each Party to this Agreement (for purposes of this section, the "acknowledging party" and each Party to this Agreement other than the acknowledging party, an "other party") acknowledges and agrees that: (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department circular 230 (31 CFR part 10, as amended); (2) the acknowledging party (a) has relied exclusively upon his, her or its own, independent legal and tax counsel for advice (including tax advice) in connection with this Agreement, (b) has not entered into this Agreement based upon the recommendation of any other Party or any attorney or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party, and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Agreement.

I.      Preliminary Approval Motion. At the earliest practicable time, Named Plaintiffs shall file with the Court a Motion for Preliminary Approval of the Settlement and supporting papers, which shall include this Settlement Agreement. Class Counsel shall provide a copy of the draft Motion for Preliminary Approval of the Settlement to Defendant's Counsel for review three (3) business days before filing it with the Court. Defendant shall timely file a Statement of Non-Opposition to the Motion for Preliminary Approval of the Settlement. The Parties and their counsel

will cooperate with each other and use their best efforts to obtain the Court's approval of the Motion for Preliminary Approval of the Settlement.

      J.    <u>Settlement Administrator</u>.

          1.    The Settlement Administrator shall be responsible for: (a) preparing and mailing the CAFA Notice (as set forth below); (b) printing and mailing the Notice to the Class Members as directed by the Court; (c) receiving and reporting the objections and requests for exclusion; (d) processing and mailing payments to the Class Representatives, Class Counsel, and Settlement Class Members; (e) distributing tax forms; (f) processing and mailing tax payments to the appropriate state and federal taxing authorities; (g) providing declaration(s) as necessary in support of preliminary and/or final approval of this Settlement; and (h) other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.  The Settlement Administrator shall keep the Parties timely apprised of the performance of all Settlement Administrator responsibilities.

          2.    The Settlement Administrator shall translate, prepare, and send to the Class Members a version of the Court-approved Notice that is in English and Spanish. Effective from the date of the first mailing of the Notice to the date of the Final Approval Hearing, the Settlement Administrator shall establish and operate a telephone support line that can assist English and Spanish speakers.

          3.    Effective from the date of the first mailing of the Notice to the date that is fourteen (14) calendar days after the expiration of the Individual Settlement Payment checks to Settlement Class Members, the Settlement Administrator shall post the following on its website for the Settlement:

              a.    the Complaint;

              b.    a copy of the Settlement Agreement;

              c.    a copy of all papers filed in support of preliminary approval of the Settlement (which may be combined into one file);

              d.    a copy of the preliminary approval order and all other orders by the Court regarding the Settlement;

e.      an exemplar of the Court-approved Notice in English and Spanish.

f.      a copy of all papers filed in support of final approval of the

Settlement (which may be combined into one file);

g.      a copy of the Final Approval Order and Judgment (after it has been

entered and filed); and

h.      any other notices or documents as the Court may require.

K.      <u>CAFA Notice</u>.  Within ten (10) calendar days after the Named Plaintiffs Edgardo

Dones and Emmanuel Berjamin file their motion for preliminary approval of the Settlement, the

Settlement Administrator, on behalf of Defendant, will mail a notice of proposed settlement

pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715 ("CAFA Notice")

to the Attorney General of the United States, the Attorney General of the State of California, and

the Attorney General of any state where a Class Member resides.

L.      <u>Notice Procedure</u>.

1.      <u>Class Data.</u>  No later than fourteen (14) calendar days after the Preliminary

Approval Date, Defendant shall provide the Settlement Administrator with the Class Data for

purposes of preparing and mailing the Notice to Class Members.  The Class Data shall be

confidential.  The Settlement Administrator shall not provide the Class Data to Class Counsel or

Named Plaintiffs, except as required to monitor the administration of the notice process and

preparation of papers for submission to the Court, or any third party, or use the Class Data or any

information contained therein for any purpose other than to administer this Settlement.

2.      <u>Notice to Class Members</u>.

a.      The Notice of Class Action Settlement in a form substantially similar

to the form attached hereto as **<u>Exhibit 1</u>**, shall inform Class Members that in order to receive an

Individual Settlement Payment if the Court grants final approval of the Settlement, they do not

need to do anything except to keep the Settlement Administrator apprised of their current mailing

addresses.  The Notice of Class Action Settlement shall also set forth the release to be given by all

members of the Class who do not request to be excluded from the Settlement.

b.      The Notice of Class Action Settlement shall also include the Class

Member's starting and ending dates of employment during the Class Period, the number of Compensable Workweeks, and the estimated amount of his or her Individual Settlement Payment if he or she does not request to be excluded from the Settlement.  The Settlement Administrator shall use the Class Data to determine the dates of employment, calculate the number of Compensable Workweeks, and calculate the estimated Individual Settlement Payment for each Class Member.

3.    Notice By First Class U.S. Mail.  Upon receipt of the Class Data, the Settlement Administrator will perform a search based on the National Change of Address Database to update and correct any known or identifiable address changes.  No later than twenty-one (21) calendar days after receiving the Class Data from Defendant as provided herein, the Settlement Administrator shall mail copies of the Notice to all Class Members via regular First Class U.S. Mail.  The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Class Member.  The address identified by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each Class Member.

4.    Undeliverable Notices.  Any Notice returned to the Settlement Administrator as non-delivered on or before the Response Deadline shall be re-mailed to the forwarding address affixed thereto.  If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine a correct address by lawful use of skip-tracing, or other search using the name, address and/or Social Security number of the Class Member involved, and shall then promptly perform a re-mailing, if another mailing address is identified by the Settlement Administrator.  Class Members who received a re-mailed Notice shall have their Response Deadline extended fifteen (15) calendar days from the original Response Deadline.

5.    Disputes Regarding Individual Settlement Payments.  Class Members will have the opportunity, should they disagree with Defendant's records regarding the dates of employment stated on their Notice, to provide documentation and/or an explanation to show contrary employment dates.  Any such dispute must contain: (1) the Class Member's full name and address; (2) the case name and number; (3) a clear statement indicating that the Class Member wishes to dispute the dates of employment attributed to him or her; and (4) the dates of

employment the Class Member contends are correct, together with any supporting documents or information.  The Parties agree that disputes will not be rejected for technical failure to meet the requirements set forth herein, as long as the Class Member can be identified through Defendant's records.  The Settlement Administrator will consult with Defendant in order to determine whether the Class Member can be identified.  If there is a dispute, the Settlement Administrator will consult with the Parties to determine whether an adjustment is warranted.  The Settlement Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Agreement.  The Settlement Administrator's determination of the eligibility for and amount of any Individual Settlement Payment shall be binding upon the Settlement Class Member and the Parties.

6.      <u>Disputes Regarding Administration of Settlement</u>.  Any disputes not resolved by the Settlement Administrator concerning the administration of the Settlement will be resolved by the Court under the laws of the State of California.  Prior to any such involvement of the Court, counsel for the Parties will confer in good faith to resolve the disputes without the necessity of involving the Court.

7.      <u>No Claim Form Required</u>.  Class Members are not required to submit a claim form to receive an Individual Settlement Payment.  The Notice of Class Action Settlement shall state that Class Members who wish to receive Individual Settlement Payments need not do anything except to keep the Settlement Administrator apprised of a current mailing address in order to receive an Individual Settlement Payment check following the Effective Date of the Settlement.

8.      <u>Exclusions</u>.  The Notice of Class Action Settlement shall state that Class Members who wish to exclude themselves from the Settlement must submit a written request for exclusion by the Response Deadline.  The written request for exclusion must: (1) contain the name, address, telephone number and the last four digits of the Social Security or the full employee ID number of the person requesting exclusion; (2) be signed by the Class Member or his or her legal representative; (3) be postmarked or fax stamped by the Response Deadline and returned to the Settlement Administrator at the specified address or fax telephone number; and (4) contain a typewritten or handwritten statement that the Class Member wishes to be excluded from the

1    Settlement. Notwithstanding the requirements set forth herein, the Parties agree that any timely

2    requests for exclusion which unambiguously express the Class Member's intention to opt out will

3    generally be honored. However, requests for exclusion will not be valid if they are not timely

4    submitted. The date of the postmark or fax-stamp on the request for exclusion shall be the

5    exclusive means used to determine whether the request for exclusion was timely submitted. In the

6    case of other technical deficiency, the Settlement Administrator will evaluate the request for

7    exclusion and decide whether it is valid, and, if necessary, the Settlement Administrator will

8    present it to the Court to decide. Any Class Member who requests to be excluded from the

9    Settlement will not be entitled to any recovery under the Settlement and will not be bound by the

10   terms of the Settlement or have any right to object, appeal or comment thereon. Class Members

11   who fail to submit a valid and timely written request for exclusion on or before the Response

12   Deadline shall be bound by all terms of the Settlement and any final judgment entered in this

13   Action if the Settlement is approved by the Court. No later than fourteen (14) calendar days after

14   the Response Deadline, the Settlement Administrator shall provide counsel for the Parties with the

15   final number of Class Members who have timely submitted written requests for exclusion. At no

16   time shall any of the Parties or their counsel seek to solicit or otherwise encourage members of the

17   Class to submit requests for exclusion from the Settlement.

18            9.    Objections. The Notice of Class Action Settlement shall state that Class

19   Members who do not seek to exclude themselves from the Settlement (*i.e*. Settlement Class

20   Members), and who wish to object to the Settlement must file a written objection and supporting

21   papers ("Notice of Objection" or "Written Objection"). Any Notice of Objection must (a) clearly

22   identify the case name and number, (b) be submitted to the Court either by mailing the Notice of

23   Objection to the Class Action Clerk, United States District Court for the Northern District of

24   California, or by filing the Notice of Objection in person at any location of the United States

25   District Court for the Northern District of California, on or before the Response Deadline.

26   Settlement Class Members who fail to file objections in the manner specified above shall be

27   deemed to have waived any objections and shall be foreclosed from making any objections

28   (whether by appeal or otherwise) to the Settlement. Settlement Class Members who file a timely

Notice of Objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court and may appear through their own attorney at the Settlement Class Member's expense.  No Settlement Class Member may appear at the Final Approval Hearing unless he or she has filed a timely written objection that complies with the procedures provided in this Section.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to file written objections to the Settlement or appeal from the Final Approval Order and Judgment.  Class Members who submit a written request for exclusion are not entitled to object to the Settlement.

M.      Funding and Allocation of the Maximum Settlement Amount.  Defendant is required to pay the sum of the Individual Settlement Payments, the Class Representatives Service Awards, the Class Counsel Award, Employer-Side Payroll Taxes, and the Settlement Administration Costs, as specified in this Agreement and as approved by the Court, up to the Maximum Settlement Amount.

1.      Funding Due Dates.  Defendant shall fund the Maximum Settlement Amount in two equal installments, payable to the Settlement Administrator as follows: (a) the **first** payment of $222,000.00 shall be made within ten (10) business days of the date the Court issues the Final Approval Order and Judgment; and (b) the **second and final** payment of $222,000.00 shall be made sixty (60) calendar days after the first payment is made.

2.      Individual Settlement Payments.  Individual Settlement Payments shall be paid from the Net Settlement Amount and shall be paid pursuant to the formula set forth herein.

a.      Calculation of Estimated Individual Settlement Payments.  Using the Class Data, the Settlement Administrator will calculate the total Compensable Workweeks for all Class Members.  The respective Compensable Workweeks for each Class Member will be divided by the total Compensable Workweeks for all Settlement Class Members, resulting in the Payment Ratio for each Settlement Class Member.  Each Class Member's Payment Ratio will then be multiplied by the estimated Net Settlement Amount to calculate each Class Member's estimated Individual Settlement Payments.

b.      Calculation of Individual Settlement Payments.  Using the Class

Data, or using the Compensable Workweeks calculated based on disputed and subsequently approved alternative employment dates (where dates of employment have been disputed by a Settlement Class Member in accordance with this Agreement), the Settlement Administrator will calculate the total Compensable Workweeks for all Settlement Class Members.  The respective Compensable Workweeks for each Settlement Class Member will be divided by the total Compensable Workweeks for all Settlement Class Members, resulting in the Payment Ratio for each Settlement Class Member.  Each Settlement Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to calculate each Settlement Class Member's Individual Settlement Payments.

c.    <u>Allocation</u>.  For tax purposes, Individual Settlement Payments shall be allocated and treated as follows: (i) twenty percent (20%) as wages (reported on IRS Form W-2); (ii) forty percent (40%) as penalties (reported on IRS Form 1099) and (iii) forty percent (40%) as interest (reported on IRS Form 1099).  Prior to issuance of payment to Settlement Class Members, each Individual Settlement Payment shall be reduced for the employee's share of taxes and withholding with respect to the wage-portion of the Individual Settlement Payment.

d.    <u>Mailing</u>.  All Individual Settlement Payment checks shall be mailed by regular First Class U.S. Mail to Settlement Class Members' last known mailing address no later than fourteen (14) calendar days after the Effective Date.

e.    <u>Expiration</u>.  Any Individual Settlement Payment checks issued to Settlement Class Members shall remain valid and negotiable for one hundred and eighty (180) calendar days from the date of their issuance.  In the event that an Individual Settlement Payment check has not been negotiated within one hundred and eighty (180) calendar days, the check shall be voided and funds associated with such voided checks plus any accrued interest that has not otherwise been distributed, shall be awarded to Instituto Laboral de la Raza.

3.    <u>Class Representatives Service Awards</u>.  Defendant agrees not to oppose or object to any application or motion by Named Plaintiffs for a Class Representative Service Award of up to Six Thousand Dollars ($6,000.00) to each Named Plaintiff in exchange for the Released Claims and a General Release and for their time, effort and risk in bringing and prosecuting this

matter. The Settlement Administrator shall pay the Class Representatives Service Awards to Named Plaintiffs from the Maximum Settlement Fund no later than fourteen (14) calendar days after the Effective Date. Any portion of the requested Class Representatives Service Awards that is not awarded to the Class Representatives shall be part of the Net Settlement Amount and shall be distributed to Settlement Class Members as provided in this Agreement. The Settlement Administrator shall issue an IRS Form 1099 — MISC to each of the Named Plaintiffs for his respective Class Representative Service Award. Each Named Plaintiff shall be solely and legally responsible to pay any and all applicable taxes on his Class Representative Service Award and shall hold harmless Defendant from any claim or liability for taxes, penalties, or interest arising as a result of the Class Representative Service Award. The Class Representatives Service Awards shall be in addition to each of the Named Plaintiff's respective Individual Settlement Payment as a Settlement Class Member. In the event that the Court reduces or does not approve the requested Class Representatives Service Awards, Plaintiff shall not have the right to revoke the Settlement, and it will remain binding.

        4.   <u>Class Counsel Award</u>. Defendant agrees not to oppose or object to any application or motion by Class Counsel for attorneys' fees not to exceed thirty percent (30%) of the Maximum Settlement Amount ($133,200.00 out of $444,000.00), plus actual costs and expenses supported by declaration, from the Maximum Settlement Amount. Any portion of the requested Class Counsel Award that is not awarded to Class Counsel shall be part of the Net Settlement Amount and shall be distributed to Settlement Class Members as provided in this Agreement. The Settlement Administrator shall pay the Class Counsel Award to Class Counsel from the Maximum Settlement Amount no later than fourteen (14) calendar days after the Effective Date. Class Counsel shall be solely and legally responsible to pay all applicable taxes on the payment made pursuant to this paragraph. The Settlement Administrator shall issue an IRS Form 1099 — MISC to Class Counsel for the payments made pursuant to this paragraph. In the event that the Court reduces or does not approve the requested Class Counsel Award, Named Plaintiffs and Class Counsel shall not have the right to revoke the Settlement, or to appeal such order, and the Settlement will remain binding.

5.     Settlement Administration Costs.  The Settlement Administrator shall be paid for the costs of administration of the Settlement from the Maximum Settlement Amount, not to exceed Ten Thousand Dollars ($10,000.00).  The Settlement Administrator shall be paid the Settlement Administration Costs no later than fourteen (14) calendar days after Defendant provide funds to the Settlement Administrator for disbursement under this Agreement.

N.     Final Approval Motion. At the earliest practicable time following the expiration of the Response Deadline, Named Plaintiffs shall file with the Court a Motion for Final Approval of Settlement, which motion shall request final approval of the Settlement and the amounts payable for the Class Representatives Service Awards, the Class Counsel Award, the Settlement Administration Costs, and also seek entry of a Final Approval Order and Judgment.

1.     Review of Motion for Final Approval.  Class Counsel will provide an opportunity for Defendant's Counsel to review the Motion for Final Approval of Settlement prior to filing with the Court.  The Parties and their counsel will cooperate with each other and use their best efforts to obtain the Court's approval of the Motion for Final Approval of the Settlement.

2.     Declaration by Settlement Administrator.  The Settlement Administrator shall submit a declaration in support of Named Plaintiffs' Motion for Final Approval of the Settlement detailing: (a) the number of Notices mailed and re-mailed to Class Members; (b) the number of undeliverable Notices; (c) the number of timely requests for exclusion; (d) the number of objections submitted; (e) the amount of the highest and average Individual Settlement Payments, the Settlement Administration Costs; and (f) any other information as the Parties mutually agree or the Court orders the Settlement Administrator to provide.

O.     Defendant's Option to Terminate Settlement.  If, after the Response Deadline and before the Final Approval Hearing, the number of Class Members who submitted timely and valid written requests for exclusion from the Settlement is at least ten percent (10%) of all Class Members, Defendant shall have, in its sole discretion, the option to terminate this Settlement.  If Defendant exercises the option to terminate this Settlement, Defendant shall: (a) provide written notice to Class Counsel prior to the Final Approval Hearing and no later than seven (7) calendar days after receiving notice from the Settlement Administrator of the number of Class Members

who have submitted timely and valid requests for exclusion; (b) pay all Settlement Administration Costs incurred up to the date or as a result of the termination; and (c) the Parties shall proceed in all respects as if this Agreement had not been executed.

P.    <u>Dispute Resolution Concerning Enforcement of the Terms of This Settlement Agreement</u>.  Except as provided herein, all disputes concerning the interpretation, calculation or payment of settlement shares, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows: if Named Plaintiffs or Class Counsel, on behalf of Named Plaintiffs or any Class Member, or Defendant at any time contend that the other Party has breached or acted contrary to the Settlement Agreement, that Party shall notify the other Party in writing of the alleged violation.  Upon receiving notice of the alleged violation or dispute, the responding Party shall have ten (10) calendar days to correct the alleged violation and/or respond to the initiating Party with the reasons why the Party disputes all or part of the allegation.  If the response does not address the alleged violation to the initiating Party's satisfaction, the Parties shall negotiate in good faith for up to ten (10) calendar days to resolve their differences and shall present any and all application(s) and/or stipulation(s) to the Court as may be necessary to effectuate their resolution and obtain the Court's approval.  If the Parties are unable to resolve their differences within thirty (30) calendar days after the writing which notified them of the alleged violation, either Party may elect to file (l) an appropriate motion for enforcement with the Court, or (2) take any other legal action to enforce this Settlement Agreement, including and not limited to, pursuant to the Court's continuing jurisdiction pursuant to California Rule of Court 3.769 and as stated in Section Z herein.

Q.    <u>Cooperation</u>.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.

R.    <u>Interim Stay of Proceedings</u>.  The Parties agree to stay all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Approval Hearing to be conducted by the Court.

S.    <u>Amendment or Modification</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

1    T.    Entire Agreement.  This Agreement and the attached Exhibit constitute the entire

2    Agreement among the Parties, and no oral or written representations, warranties or inducements

3    have been made to any Party concerning this Agreement or its Exhibit other than the

4    representations, warranties and covenants contained and memorialized in the Agreement and its

5    Exhibit.

6    U.    Authorization to Enter Into Settlement Agreement.  Counsel for all Parties warrant

7    and represent they are expressly authorized by the Parties whom they represent to negotiate this

8    Agreement and to take all appropriate actions required or permitted to be taken by such Parties

9    pursuant to this Agreement to effectuate its terms, and to execute any other documents required to

10   effectuate the terms of this Agreement.  The person signing this Agreement on behalf of Defendant

11   represents and warrant that they are authorized to sign this Agreement on behalf of Defendant.

12   Each Named Plaintiff represents and warrants that he is authorized to sign this Agreement and that

13   he has not assigned any claim, or part of a claim, covered by this Settlement to a third-party.

14   V.    Binding on Successors and Assigns.  This Agreement shall be binding upon, and

15   inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

16   W.    California Law Governs.  All terms of this Agreement and the Exhibits hereto and

17   any disputes arising hereunder shall be governed by and interpreted according to the laws of the

18   State of California.

19   X.    Counterparts.  This Agreement may be executed in one or more counterparts.  All

20   executed counterparts and each of them shall be deemed to be one and the same instrument

21   provided that counsel for the Parties to this Agreement shall exchange among themselves copies or

22   originals of the signed counterparts.

23   Y.    This Settlement Is Fair, Adequate and Reasonable.  The Parties believe this

24   Settlement is a fair, adequate and reasonable settlement of this Action and have arrived at this

25   Settlement after extensive arms-length negotiations, taking into account all relevant factors, present

26   and potential.

27   Z.    Jurisdiction of the Court.  The Parties agree that pursuant to California Rule of

28   Court 3.769(h) the Court shall retain jurisdiction with respect to the interpretation, implementation

and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

AA.     <u>Invalidity of Any Provision</u>.  Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

BB.     <u>Publicity</u>.  Named Plaintiffs and Class Counsel agree not to disclose or publicize the Settlement, including the fact of the Settlement, its terms or contents, and the negotiations underlying the Settlement, in any manner or form, directly or indirectly, to any person or entity, and Class Members.  For the avoidance of doubt, this section means Named Plaintiffs and Class Counsel agree not to issue press releases, communicate with, whether by publication either in print or electronic format, video recording or any other medium, any media or publication entities or any person related thereto, concerning the Settlement, including the fact of the Settlement, its terms or contents and the negotiations underlying the Settlement, except as shall be contractually required to effectuate the terms of the Settlement as set forth herein.  However, for the limited purpose of allowing Class Counsel to prove adequacy as class counsel in other actions, Class Counsel may reference the Settlement without stating the name of the Parties in this Action, for such purposes.

CC.     <u>No Unalleged Claims</u>.  Named Plaintiffs and Class Counsel represent that represent that they do not currently intend to pursue any claims against Defendant, including, but not limited to, any and all claims relating to or arising from Named Plaintiffs' employment with Defendant, and that Named Plaintiffs' Counsel is not currently aware of any facts or legal theories upon which any claims or causes of action could be brought against Defendant, excepting those facts or legal theories alleged in the operative complaint in this Action.  The Parties further acknowledge, understand and agree that this representation is essential to the Agreement and that this Agreement would not have been entered into were it not for this representation.

DD.     <u>Waiver of Certain Appeals</u>.  The Parties agree to waive appeals regarding, and to

stipulate to, class certification for purposes of this settlement only.

EE.    <u>No Admissions</u>.  Named Plaintiffs have claimed and continue to claim that the Action has merit and gives rise to liability on the part of Defendant.  Defendant claims that the Action has no merit and does not give rise to liability.  This Agreement is a compromise of disputed claims.  Nothing contained in this Agreement and no documents referred to herein and no action taken to carry out this Agreement may be construed or used as an admission by or against the Defendant or Named Plaintiffs or Class Counsel as to the merits or lack thereof of the claims asserted.

*[Signatures follow on the next page.]*

1    IN WITNESS WHEREOF, this Settlement Agreement is executed by and on behalf of the

2    Settling Parties and their duly authorized attorneys, as of the day and year herein set forth.

3

4    DATED: February 24, 2019

By: _____
5                                         Plaintiff, EDGARDO DONES

6    DATED: February 22, 2019

By: _____
7                                         Plaintiff, EMMANUEL BERJAMIN

8    DATED: February 26, 2019           LIBERATION LAW GROUP, P.C.

9

10                                       By: _____
                                              ARLO URIARTE
11
                                         Attorneys for Plaintiffs
12
     DATED: February ___, 2019           PRIMEFLIGHT AVIATION SERVICES, INC.
13

14
                                         By: _____
15                                            HIRAM A. COX
                                              Secretary/Treasurer
16                                            PrimeFlight Aviation Services, Inc.

17   DATED: February ___, 2019           OGLETREE, DEAKINS, NASH, SMOAK &
                                         STEWART, P.C.
18

19
                                         By: _____
20                                            GREG C. CHENG
                                              CAROLYN B. HALL
21
                                         Attorneys for Defendant
22                                       PRIMEFLIGHT AVIATION SERVICES, INC.

23
                                                                    36463643.5
24

25

26

27

28

                                            25            Case No. 4:18-cv-01503-YGR

1          IN WITNESS WHEREOF, this Settlement Agreement is executed by and on behalf of the

2     Settling Parties and their duly authorized attorneys, as of the day and year herein set forth.

3
4     DATED:  February ___, 2019

                                          By: _____
5                                              Plaintiff, EDGARDO DONES

6     DATED:  February ___, 2019

                                          By: _____
7                                              Plaintiff, EMMANUEL BERJAMIN

8     DATED:  February ___, 2019          LIBERATION LAW GROUP, P.C.

9
10                                        By: _____
                                               ARLO URIARTE
11
                                          Attorneys for Plaintiffs
12
      DATED:  February 22, 2019           PRIMEFLIGHT AVIATION SERVICES, INC.
13

14
                                          By: _____
15                                             HIRAM A. COX
                                               Secretary/Treasurer
16                                             PrimeFlight Aviation Services, Inc.

17
      DATED:  February 22, 2019           OGLETREE, DEAKINS, NASH, SMOAK &
18                                        STEWART, P.C.

19
                                          By: _____
20                                             GREG C. CUENG
                                               CAROLYN B. HALL
21
                                          Attorneys for Defendant
22                                        PRIMEFLIGHT AVIATION SERVICES, INC.

23
                                                                        36463643.5
24

25

26

27

28

EXHIBIT 4

*Edgardo Dones, et al. v. PrimeFlight Aviation Services, Inc., et al.*
United States District Court for the Northern District of California, Case No. 4:18-cv-01503-YGR

## NOTICE OF CLASS ACTION SETTLEMENT

To:    **All current and former hourly or non-exempt employees who were employed by PrimeFlight Aviation Services, Inc. ("PrimeFlight") in the State of California at any time during the period from October 30, 2013 through [Preliminary Approval Date], 2019 and who did not enter into an agreement to arbitrate claims with PrimeFlight.**

*A court authorized this notice. This is not a solicitation.*
*This is not a lawsuit against you, and you are not being sued.*
*However, your legal rights may be affected by a class action settlement.*

Your rights and each option – and the deadlines to exercise each of them –are explained in this Notice.

«BarcodeString»
SIMID «SIMID»
**ATTN:** «FirstName» «LastName»
«Address1» «Address2»
«City» «Abbrev»  «Zip»

*If the contact information that is listed here for you needs to be updated or corrected, please inform the Settlement Administrator immediately.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **TO RECEIVE A SETTLEMENT PAYMENT** | The estimated amount of your Individual Settlement Payment is shown in Paragraph 8 of this Notice. To receive your payment, all you need to do is to keep the Settlement Administrator informed of your current mailing address. Once the Court grants final approval of the Settlement, the Settlement Administrator will mail your check to the last known address on file for you. |
| **CHANGE CONTACT INFORMATION** | Update your contact information with the Settlement Administrator to ensure that your Individual Settlement Payment check is sent to the correct address. |
| **EXCLUDE YOURSELF (Deadline: [Response Deadline], 2019** | You can exclude yourself from the Settlement if you do not wish to participate in the Settlement. This is the only option that allows you to pursue your own lawsuit against PrimeFlight about the legal claims in this case. If you exclude yourself, you will not receive an Individual Settlement Payment. |
| **OBJECT Deadline: [Response Deadline], 2019** | If you think the Settlement is not fair, you can submit a written objection ("Notice of Objection") to the Settlement Administrator, and it will be considered by the Court. If you submit an objection, you may also ask to speak in Court about why you think the Settlement is not fair at the time of the Final Approval Hearing. If the Settlement is approved, you will be bound by the terms of the Settlement and releases described in this Notice. |
| **DO NOTHING** | If you do nothing (that is, if you do not submit a timely request for exclusion), you will be mailed an Individual Settlement Payment at the address listed above, and will be bound by the terms of the Settlement and releases described in this Notice. |

**QUESTIONS? CALL TOLL FREE 1-800-[telephone]**
**VIEW DOCUMENTS RELATED TO THIS SETTLEMENT AT**: www.DonesPrimeFlightSettlement.com

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**
1. Why did I get this notice? ................................................................Page 2
2. What is this lawsuit about? ...............................................................Page 3
3. Why is this a class action? ...............................................................Page 3
4. Why is there a settlement? ...............................................................Page 3
5. Who are the Parties in this lawsuit ...................................................Page 3
6. Who are the Attorneys for the Parties ...............................................Page 3

**THE TERMS OF THE SETTLEMENT**
7. What is the settlement amount, and How will the Individual Settlement
   Payments Be Calculated?...............................................................Page 3
8. How much will my Individual Settlement Payment be?...................Page 4

**HOW TO GET A PAYMENT**
9. How can I get my Individual Settlement Payment?..........................Page 5
10. What am I giving up to get an Individual Settlement Payment?.......Page 5

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
11. How do I get out of the settlement?..................................................Page 5
12. If I don't exclude myself, can I sue PrimeFlight for the same thing later?......................Page 6
13. If I exclude myself, can I get money from this settlement?.............Page 6

**OBJECTING TO THE SETTLEMENT**
14. How do I tell the Court that I don't like the settlement?.................Page 6
15. What's the difference between objecting and excluding myself?...................Page 6

**THE COURT'S FINAL APPROVAL HEARING**
16. When and where will the Court decide whether to approve the settlement? ..................Page 7
17. Do I have to come to the hearing? ...................................................Page 7
18. May I appear and speak at the hearing?...........................................Page 7

**GETTING MORE INFORMATION**
19. Who can I contact if I have questions about the settlement? ...........Page 7

**ADDITIONAL IMPORTANT INFORMATION**     Page 7

## BASIC INFORMATION

### 1.     Why did I get this notice?

A settlement has been reached in the case entitled *Edgardo Dones, et al. v. PrimeFlight Aviation Services, Inc., et al.*, Case No. 4:18-cv-01503-YGR, which is pending in the United States District Court for the Northern District of California ("Action" or "Lawsuit"). The Honorable Yvonne Gonzalez Rogers is presiding over this case. The Settlement has been reached on behalf of a proposed "Class," defined as: all current and former hourly or non-exempt employees who were employed by PrimeFlight in the State of California during the period from October 30, 2013 through [Preliminary Approval Date] and who did not enter into an agreement to arbitrate claims with PrimeFlight.

You have received this notice because PrimeFlight's records indicate that you are a member of the Class described above ("Class Member"). The purpose of this notice is to explain the Lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

2.    **What is this Lawsuit about?**

Edgardo Dones and Emmanuel Berjamin ("Plaintiffs") are former employees of PrimeFlight who initially filed this Lawsuit on October 30, 2017. Plaintiffs asserted that PrimeFlight violated multiple provisions of the California Labor Code and California Business and Professions Code with respect to Plaintiffs and the Class by allegedly failing to properly pay minimum wages and overtime pay, failing to provide legally compliant meal and rest breaks and premium pay in lieu thereof, failing to reimburse employees for all business expenses, failing to timely pay wages during employment and upon termination, failing to provide accurate wage statements, failing to maintain requisite payroll records, and engaging in unfair competition. On or about June 21, 2018, Plaintiffs provided written notice to the California Labor and Workforce Development Agency ("LWDA") specifying the provisions of the Labor Code alleged to be violated as alleged in the Lawsuit and notified the LWDA that they would be seeking to recover civil penalties based upon the underlying Labor Code violations.

PrimeFlight denies the allegations in the Lawsuit and contends that it has complied at all times with California law. The settlement is not an admission of any wrongdoing by PrimeFlight or an indication that any law was violated.

3.    **Why is this a class action?**

In a class action, one or more individuals called Class Representatives (in this case, Plaintiffs Edgardo Dones and Emmanuel Berjamin) sue on behalf of themselves and other people who have similar claims. The group of people with similar claims is called a "class." Each person covered by the class definition is a "class member." One Court resolves the issues for all class members, except those individuals who request to be excluded from the class. In this case, the Court has preliminarily appointed Arlo Uriarte of Liberation Law Group, P.C. to serve as counsel for the Class ("Class Counsel").

4.    **Why is there a Settlement?**

The Court has not decided in favor of Plaintiffs Edgardo Dones and Emmanuel Berjamin, or Defendant PrimeFlight. There was no trial. Instead, both sides agreed to a no-fault settlement of the Lawsuit ("Settlement"). That way, they avoid the cost of a trial and the people affected can get compensation from the Settlement. Plaintiffs and Class Counsel think that the Settlement is best for the Class.

5.    **Who are the Parties in this Lawsuit?**

PrimeFlight formerly employed Plaintiffs Edgardo Dones and Emmanuel Berjamin as wheelchair attendants at San Francisco International Airport.

"Defendant" includes the named defendant, PrimeFlight Aviation Services, Inc., and its past, present and future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers.

6.    **Who are the Attorneys for the Parties?**

| **Class Counsel** | **Counsel for Defendants** |
|---|---|
| Arlo Uriarte | Gregory C. Cheng / Carolyn B. Hall |
| Liberation Law Group, P.C. | Ogletree, Deakins, Nash, Smoak |
| 2760 Mission Street | & Stewart, P.C. |
| San Francisco, CA 94110 | Steuart Tower, Suite 1300 |
| 415-695-1000 | San Francisco, CA 94105 |

If you have questions regarding this Settlement, you should contact Class Counsel, or the Settlement Administrator at 1-800-[telephone]. You may also view documents relating to the Settlement (including, but not limited to, the complaint, all papers filed in connection with the motion for preliminary approval of the Settlement, the order granting preliminary approval of the Settlement, and other documents) by visiting the following website:

www.DonesPrimeFlightSettlement.com.

| THE TERMS OF THE SETTLEMENT |
|---|

**7.     What is the Settlement amount and how will the Individual Settlement Payment be calculated?**

Under the proposed Settlement, PrimeFlight will pay $444,000.00 (referred to as the "Maximum Settlement Amount") to fully and finally resolve all claims in the Lawsuit.

The "Net Settlement Amount" or "NSA" means the Maximum Settlement Amount, less all of the following amounts, which are subject to Court approval:

A. Attorneys' Fees and Costs: Class Counsel will apply to the Court for attorneys' fees equaling $133,200.00 plus reimbursement of actual litigation costs and expenses which are estimated to be $4,750.00.

B. Class Representatives Service Awards: Class Counsel will apply to the Court for a Service Award of up to $6,000.00 to each of Plaintiffs Edgardo Dones and Emmanuel Berjamin for their efforts in prosecuting this case. Plaintiffs' Service Awards will be in addition to any Individual Settlement Payment they receive as Settlement Class Members.

C. Settlement Administration Costs: The Settlement Administration Costs refer to the fees and expenses reasonably incurred by the Settlement Administrator in administering the Settlement, including, among other things, distributing the notice packets to Class Members, processing requests for exclusion and Notices of Objection, and distributing payments under the Settlement. The Settlement Administration Costs are estimated to be $9,000.00

D. Employer-side Payroll Taxes: Under the Settlement Agreement, the employer's portion of FICA, FUTA, and all other state and federal payroll taxes. The employer-side payroll taxes are currently estimated to be approximately $_____.

The NSA will be paid out entirely to all Class Members who do not request exclusion from the Settlement ("Settlement Class Members"). Checks will be mailed automatically to Class Members who do not request exclusion from the Settlement. Any portion of the NSA that would have been paid to individuals who timely request exclusion from the Settlement will be paid to the Settlement Class Members who participate in the Settlement. In other words, the entire NSA will be paid to Settlement Class Members, and no portion of the NSA will be returned to PrimeFlight under any circumstances. The Settlement Administrator will mail the Individual Settlement Payment checks within about 90 days after the court enters judgment based on this Settlement, but possibly later depending on whether there is any appeal of the judgment entered by the court.

How will my Individual Settlement Payment be calculated?

Each Settlement Class Member's share of the NSA will be based on the number of Compensable Workweeks that he or she worked for PrimeFlight in California during the period from October 30, 2013 through [Preliminary Approval Date], ("Covered Period"), using the following procedure:

• The Settlement Administrator will calculate each Class Member's number of Compensable Workweeks by calculating the number of days that he or she was employed during the Class Period, dividing by seven (7), and rounding up to the nearest whole number.

• The Settlement Administrator will determine the total, aggregate number of Compensable Workweeks worked by all Class Members.

• Each Class Member's Compensable Workweeks will be divided by the total Compensable Workweeks for all Class Members, resulting in the "Payment Ratio" for each Class Member.

• Each Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to calculate his or her estimated gross Individual Settlement Payment.

For tax purposes, each Individual Settlement Payment will be allocated as follows: (i) twenty percent (20%) as wages (to be reported on IRS Form W-2); (ii) forty percent (40%) as penalties (to be reported on IRS Form 1099) and (iii) forty percent (40%) as interest (to be reported on IRS Form 1099). Each Individual Settlement Payment will be reduced for the employee's share of taxes and withholdings with respect to the wage-portion of the Individual Settlement Payment.

**8.**      <u>How much will my Individual Settlement Payment be?</u>

PrimeFlight's records indicate that **you were employed by PrimeFlight as a Class Member from <<Start Date>> to <<End Date>> during the Class Period.** Based on these dates of employment, **you worked <<Compensable Workweeks>> Compensable Workweeks** during the Class Period, and **your estimated Individual Settlement Payment is approximately $<<Estimated Individual Settlement Payment>>.**

The above-stated amount is only an estimate, and is subject to reduction for the employee's share of taxes and withholdings with respect to the portion of the Individual Settlement Payment that is allocated as wages. The actual Individual Settlement Payment you receive may be slightly more or less than the estimated amount shown.

**9.**      <u>What do I do if my dates of employment are wrong?</u>

As described above, the amount of your Individual Settlement Payment will be based on your number of Compensable Workweeks. Your dates of employment, as shown above, have been determined based upon PrimeFlight's records. If you believe that the dates of employment attributed to you are not right, you may send a letter to the Settlement Administrator indicating what you believe to be the right dates. In order to be considered, your dispute must be mailed to the Settlement Administrator at the address listed below, in Paragraph 12 of this Notice, postmarked on or before [Response Deadline], 2019. Along with your dispute, you should include any documents or other information which support your belief regarding your dates of employment as a Class Member. The Settlement Administrator will resolve any dispute regarding your dates of employment based on PrimeFlight's records and any information you provide.

**HOW TO GET A PAYMENT**

**10.**      <u>How Do I get my Individual Settlement Payment?</u>

If you do nothing, you will automatically receive your Individual Settlement Payment after the Court approves the Settlement at a Final Approval Hearing. You must notify the Settlement Administrator of any change or correction in your contact information. Also, if you do not agree with the information shown in Paragraph 8 regarding your employment with Defendant, you must notify the Settlement Administrator **It is your responsibility to keep the Settlement Administrator informed of any change in your address. If final approval of the Settlement is granted, your Individual Settlement Payment will be mailed to the last known address that the Settlement Administrator has on file for you.**

Settlement Class Members receiving an Individual Settlement Payment will be responsible for correctly characterizing this compensation for tax purposes and paying taxes due, if any.

**11.**      <u>What am I giving up to get an Individual Settlement Payment?</u>

Unless you request to be excluded from the Settlement, you will be deemed a Settlement Class Member. If the Settlement is granted final approval, Settlement Class Members will not be able to sue, continue to sue, or be part of any other lawsuit against PrimeFlight regarding the legal issues raised by this case pertaining to the Covered Period. Specifically, you will be giving up or "releasing" the claims described below:

     **Release of Claims**: After the Court has approved the Settlement, each Class Member who has not submitted a timely and valid request to be excluded from the Settlement will be bound by the approval and judgment and thereby release Defendant and each of its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers, including but not limited to "Does 1 through 25," ("Released Parties"), from all causes of action that were alleged or reasonably could have been alleged in the operative complaint based on the facts, legal theories, or causes of action contained therein, including but not limited to all associated claims for: (a) unpaid regular and overtime wages; (b) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof; (c) failure to provide proper rest breaks, and to properly provide premium pay in lieu thereof; (d) waiting time penalties for untimely final pay; (e) improper and/or inaccurate wage statements; (f) unfair business practices

**QUESTIONS? CALL TOLL FREE 1-800-[telephone]**
**VIEW DOCUMENTS RELATED TO THIS SETTLEMENT AT**: www.DonesPrimeFlightSettlement.com

based on the afore-referenced claims and as alleged in the Complaint; (g) the aggrieved employee portion (25%) as to any civil penalties under the Labor Code Private Attorneys General Act ("PAGA") based on the afore-referenced claims and waiver of any right to act as a PAGA representative; (h) any other claims or penalties under the wage and hour laws pleaded in the Action based on the afore-referenced claims and as alleged in the Complaint; and (i) all damages, penalties, interest and other amounts recoverable under the afore-referenced claims under said causes of action under California and federal law, to the extent permissible, as to the facts alleged in the Action, including the applicable Wage Orders as to the facts alleged in the Complaint (collectively, the "Released Claims"). The period of the Release shall extend to the limits of the Covered Period.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 12.    How do I get out of the Settlement?

If you do not wish to participate in the Settlement, you should exclude yourself from (or "opt out" of) the Settlement. To exclude yourself from the Settlement, you must submit a timely and valid written request for exclusion to the Settlement Administrator. If you exclude yourself from the Settlement, you will no longer be a Settlement Class Member and will not receive an Individual Settlement Payment.

To be valid, the request for exclusion must state that you wish to exclude yourself from the Settlement, and must contain all of the following: (1) your name, address, telephone number, and the last four digits of your Social Security Number or your full Employee ID Number; (2) your signature or the signature of your legal representative; and (3) a typewritten or handwritten statement which states, in substance, "I have read the Notice and I wish to opt out of the class action settlement of the case: *Edgardo Dones, et al. v. PrimeFlight Aviation Services, Inc., et al.,* United States District Court, Case No. 4:18-cv-01503-YGR, and understand that I will not receive a settlement payment pursuant to the terms of the Settlement described in the Notice."

To be timely, any request for exclusion must be mailed or faxed to the Settlement Administrator, postmarked or fax-stamped on or before [Response Deadline], to the following address or fax number:

PRIMEFLIGHT CLASS ACTION
[SA NAME]
[Address]
[Fax Number]

### 13.    If I don't exclude myself, can I sue PrimeFlight for the same thing later?

No. Unless you exclude yourself, you give up any right to sue PrimeFlight for the claims that this Settlement resolves, for the period from October 30, 2013 through [Preliminary Approval Date]. *If you have a pending lawsuit, speak to your lawyer in that case immediately*. You must exclude yourself from this Class to continue your own lawsuit.

## OBJECTING TO THE SETTLEMENT

### 14.    How do I tell the Court that I don't like the Settlement?

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. The Court will consider your views when deciding whether to grant final approval of the Settlement.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Dones, et al. v. PrimeFlight Aviation Services, Inc*., Case Number 4:18-cv-01503-YGR), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street,

Oakland, California 94612, or by fling them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [Response Deadline].

**15.    What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You may only object if you remain a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be a Settlement Class Member. If you exclude yourself, you have no basis to object because the case does not affect you.

## THE COURT'S FINAL APPROVAL HEARING

**16.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing in Courtroom 1 of the United States District Court for the Northern District of California, located at 1301 Clay Street, 4th Floor, Oakland, California 94612 on [Date], at [Time]. At this hearing, the Court will determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for attorneys' fees and litigation costs, the Class Representatives Service Awards, and the Settlement Administration Costs. The Court may reschedule the Final Approval Hearing without further notice to Class Members. Any updates will be available at www.DonesPrimeFlightSettlement.com and the Court's PACER site, which can be accessed on the Court's website at https://ecf.cand.uscourts.gov. Any Final Approval Order signed by the Court will also be available at www.DonesPrimeFlightSettlement.com and on the Court's website.

**17.    Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Judge may have. But, you are welcome to come at your own expense. You may also hire and pay your own lawyer to attend if you so desire.

If you send a Notice of Objection, you do not have to come to Court to talk about it. As long as you have filed or submitted your Notice of Objection on time (as described in Paragraph 14, above), the Court will consider it.

**18.    May I speak at the hearing?**

If you wish to speak at the Final Approval Hearing, you must indicate your intention to speak at the Final Approval Hearing in your Notice of Objection (see Paragraph 14, above).

## GETTING MORE INFORMATION

**19.    Who may I contact if I have questions about the Settlement?**

If you have any questions about the Settlement, you may contact Class Counsel at the address or telephone listed above, in Paragraph 6 of this notice. You may also contact the Settlement Administrator by calling toll free 1-[telephone number], or by writing to the Settlement Administrator, at the address shown in Paragraph 12, above.

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, you can get a copy of the Settlement Agreement by contacting Class Counsel (see contact information in Paragraph 6, above). You can also review the settlement documents, including applicable motions and orders, at www.DonesPrimeFlightSettlement.com. You can also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://edf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, PRIMEFLIGHT MANAGERS, SUPERVISORS, OR THEIR ATTORNEYS FOR INFORMATION.** (Note: the attorneys identified as "Counsel for Defendants" in section 6 of this Notice are PrimeFlight's attorneys and should not be contacted. You may, however, contact the attorneys identified as "Class Counsel" in section 6 of this Notice.)

## ADDITIONAL IMPORTANT INFORMATION

**QUESTIONS? CALL TOLL FREE 1-800-[telephone]**
**VIEW DOCUMENTS RELATED TO THIS SETTLEMENT AT**: www.DonesPrimeFlightSettlement.com

20. **PrimeFlight supports the Settlement and will not retaliate in any manner whatsoever** against any Class Member, whether they choose to stay in the Class as a Settlement Class Member and receive an Individual Settlement Payment, request to be excluded from the Settlement, or object to the Settlement.

21. **It is your responsibility to ensure that the Settlement Administrator has your current mailing address and telephone number on file**, as this will be the address to which your Individual Settlement Payment installments will be sent.

22. **Individual Settlement Payment checks must be cashed soon after receipt**. Individual Settlement Payment checks that remain uncashed 180 calendar days after the date of issuance will be voided, and the funds represented by any such uncashed checks plus any accrued interest that has not otherwise been distributed, shall be transmitted as follows:  to Instituto Laboral de La Raza. If your check is lost or misplaced, you should contact the Settlement Administrator immediately to request a replacement.

**QUESTIONS? CALL TOLL FREE 1-800-[telephone]**
**VIEW DOCUMENTS RELATED TO THIS SETTLEMENT AT**: www.DonesPrimeFlightSettlement.com