Arlo Garcia Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
Daniel P. Iannitelli, SBN 203388
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for Plaintiffs
**Edgardo Dones**
**Romeo Vite**
**Emmanuel Berjamin**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| Edgardo Dones, Romeo Vite, Emmanuel Berjamin, on behalf of themselves, others similarly situated, and general public,<br><br>Plaintiffs,<br><br>v.<br><br>Primeflight Aviation Services, Inc., and DOES 1-25,<br><br>Defendants. | Case No. 4:18-cv-01503-YGR<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEY'S FEES, COSTS, AND PLAINTIFFS' ENHANCEMENT**<br><br>Hearing Date: September 10, 2019<br>Time: 2:00 PM<br>Courtroom: 1<br><br>Action filed: October 30, 2017<br>Date of Removal: March 8, 2018<br><br>**Hon. Yvonne Gonzalez Rogers**<br><br>\* as modified by the Court \* |

# I.    BACKGROUND

Plaintiffs Edgardo Dones, Romeo Vite, and Emmanuel Berjamin filed this action on October 30, 2017, asserting claims for: (1) unpaid wages; (2) failure to pay overtime compensation; (3) failure to provide meal period compensation; (4) failure to provide rest period compensation (5) waiting time penalties; (6) failure to furnish accurate wage statements; and (7) unfair competition (Cal. Bus. Prof. Code §§ 17200 et seq.) Defendant removed the action to federal court on March 8, 2018, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

In September 2018, the Parties engaged in a mediation session with Mark Peters of Duckworth & Peters, LLP. At the mediation, the Parties came to terms on the major elements of this Settlement (attached hereto as Exhibit 1), which only involves Defendant's non-exempt, hourly employees who did not enter into arbitration agreements with Defendant. Those employees who did sign arbitration agreements will not be impacted by the Settlement; they will retain their potential claims and the right to pursue them individually. Plaintiff Romeo Vite is one of these employees who entered into an arbitration agreement with Defendant; he has agreed to a separate, individual settlement. The Court granted preliminary approval of the Settlement on April 12, 2019.

As part of preliminary approval, the Court conditionally certified, for settlement purposes only, the following Rule 23(b)(3) Class:

### Settlement Class

**All current and former hourly or non-exempt employees of Defendant Primeflight Aviation Services, Inc. who worked in the State of California at any time from four years preceding the date of filing of this action through April 12, 2019, and who did not enter into an arbitration agreement with Defendant.**

Following the Court's order granting the motion for preliminary approval, the approved Settlement Administrator, CPT Group, Inc., provided a Court-approved Notice of Class Action Settlement to members of the Class, who were given an opportunity to opt out or object to the

settlement over a sixty-day period. Now before the court is Plaintiffs' Motion for Final Approval of Class Action Settlement.

## II. DISCUSSION

### A. TERMS OF SETTLEMENT AGREEMENT

The Maximum Settlement Amount is $444,000. This amount is non-reversionary and there was no claims requirement. Defendant will fund the settlement with two separate payments; the first payment shall be made no later than ten (10) business days after the Court signs this Final Approval Order and Final Judgment. The second payment shall be made no later than sixty (60) calendar days after the first payment is made.

The Net Settlement Amount is the Maximum Settlement Amount minus the following:

- $133,200 in attorney's fees (30% of the entire fund) for Class Counsel, Arlo Uriarte of Liberation Law Group, P.C.;

- $4,735.01 in accrued litigation costs for Class Counsel;

- $9,000 in settlement administration costs for CPT Group, Inc.

- Enhancement Awards for Plaintiffs Edgardo Dones and Emmanuel Berjamin in the amounts of $6,000 each ($12,000 total); and

- Employee and employer payroll taxes.

The Net Settlement Amount will be distributed in a specific manner, as set forth herein:

- Payment will be made to all Class Members because there are no opt outs;

- Using the Class Data, as identified in the Parties' Stipulation of Class Action Settlement and Release of Claims, the Settlement Administrator will calculate the total Compensable Workweeks for all Class Members. The respective Compensable Workweeks for each Class Member will be divided by the total Compensable Workweeks for all Settlement Class Members, resulting in the Payment Ratio for each Settlement Class Member. Each Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to calculate each Class Member's Individual Settlement Payment.

- Individual Settlement Payment checks issued to Settlement Class Members shall remain valid and negotiable for one hundred and eighty (180) calendar days from the date of their issuance. In the event that an Individual Settlement Payment check has not been negotiated within one hundred and eighty (180) calendar days, the check shall be voided and funds associated with such voided checks plus any accrued interest that has not otherwise been distributed, shall be awarded to the Court approved *cy pres* beneficiary, Instituto Laboral de la Raza.

- For tax purposes, Individual Settlement Payments shall be allocated and treated as follows: (i) twenty percent (20%) as wages (reported on IRS Form W-2); (ii) forty percent (40%) as penalties (reported on IRS Form 1099) and (iii) forty percent (40%) as interest (reported on IRS Form 1099). Prior to issuance of payment to Settlement Class Members, each Individual Settlement Payment shall be reduced for the employee's share of taxes and withholding with respect to the wage-portion of the Individual Settlement Payment.

Settlement Class Members will be subject to the following release:

- Members who do not opt out will release Defendant (and related entities) ("Released Parties") from all causes of action that were alleged or reasonably could have been alleged in the operative complaint based on the facts, legal theories, or causes of action contained therein, including but not limited to all associated claims for: (a) unpaid regular and overtime wages; (b) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof; (c) failure to provide proper rest breaks, and to properly provide premium pay in lieu thereof; (d) waiting time penalties for untimely final pay; (e) improper and/or inaccurate wage statements; (f) unfair business practices based on the afore-referenced claims and as alleged in the Complaint; (g) the aggrieved employee portion (25%) as to any civil penalties under the Labor Code Private

Attorneys General Act ("PAGA") based on the afore-referenced claims; (h) any other claims or penalties under the wage and hour laws pleaded in the Action based on the afore-referenced claims and as alleged in the Complaint; and (i) all damages, penalties, interest and other amounts recoverable under the afore-referenced claims under said causes of action under California and federal law, to the extent permissible, as to the facts alleged in the Action, including the applicable Wage Orders as to the facts alleged in the Complaint.

## B. ANALYSIS OF SETTLEMENT AGREEMENT

### 1. Standards for Final Fairness Determination

In a class action lawsuit, the Court undertakes the responsibility to assess the fairness and adequacy of a proposed class action settlement, balancing the following factors: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintain class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experiences and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 576-77 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998)). "In addition, although 'strong judicial policy … favors settlements,' [citation] the settlement may not be the product of collusion among the negotiating parties. *Churchill*, 361 F.3d at 577.

### 2. Is the settlement fair, reasonable and adequate?

a. <u>Strength of Plaintiffs' case.</u> Class Counsel has offered evidence on both the strength and weaknesses of the remaining claims.

b. <u>Risk, expense, complexity and likely duration of further litigation.</u> Given the nature of the class claims, the case is likely to be expensive and lengthy to try. Procedural hurdles (e.g., motion practice and appeals) are also likely to prolong the litigation as well as any recovery by the class members.

c. <u>Risk of maintaining class action status through, trial.</u> Even if a class is certified, there is always a risk of decertification.

d. <u>Amount offered in settlement.</u> As indicated above, Defendant agreed to settle for a non-reversionary gross settlement of $444,000. Class Counsel explained how the settlement amounts were arrived at and how they break down as to the claims asserted and released through the settlement agreement.

e. <u>Extent of discovery completed and stage of the proceedings.</u> The case was settled pre-certification. While the Parties did not engage in formal discovery, Defendant shared extensive information with Plaintiffs, per Plaintiffs' informal discovery requests, so that the Parties could be well informed for mediation.

f. <u>Experience and views of counsel.</u> The settlement was negotiated and endorsed by Class Counsel who is experienced in class action litigation, including wage and hour cases.

g. <u>Presence of a governmental participant.</u> There is no governmental participant.

h. <u>Reaction of the class members to the proposed settlement.</u>

- Number of class members: 341
- Number of notices successfully mailed: 333
- Number of undeliverable notices: 8
- Number of opt-outs: 0
- Number of objections: 0
- Number of participating class members: 341

The above information was provided by the Settlement Administrator, CPT Group, Inc.

CONCLUSION: The settlement can be deemed fair, reasonable, and adequate.

**B. ATTORNEY'S FEES AND COSTS**

Class Counsel requests $133,200 for attorney's fees and $4,735.01 for accrued litigation costs. The fee request represents 30% of the cash portion of the gross settlement amount. While the Ninth Circuit has established a "benchmark" that fees should equal 25% of the settlement (*see Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000), courts may diverge from the

benchmark based on a variety of factors, including the results obtained, risk undertaken by counsel, complexity of the issues, length of the professional relationship, the market rate, and awards in similar cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). Here, Class Counsel has offered evidence justifying an award of 30% of the gross settlement amount. In particular, Class Counsel vigorously investigated and prosecuted this case and achieved a favorable result for the class. Further, the amounts at issue are not so high, which makes a case such as this one more risky and less attractive for plaintiff's counsel. The multiplier is l.06 of Class Counsel's lodestar. In addition, the notice expressly advised class members of the fee request.

As for costs, Class Counsel requests $4,735.01. The reimbursement sought by Class Counsel is less than the $10,000 authorized by the Stipulation of Class Action Settlement and Release of Claims ("Agreement".) Resultantly, an additional $5,264.99 will be distributed pro-rata to the class. Costs incurred by Class Counsel include costs for filing fees, mediation, copies, and other miscellaneous costs. The Court finds the fee and costs requests reasonable, appropriate, and fair, and they are therefore granted.

### C.     CY PRES DESIGNATION

The Court finds Instituto Laboral de La Raza, a nonprofit advocacy and workers' resource center in San Francisco, CA, to be an appropriate and worthy *cy pres* because it will allow unclaimed sums to be distributed, to the extent possible, in a manner designed either to further the purposes of the underlying causes of action or to promote justice for all Californians. *See, In re Microsoft I-V Cases,* 135 Cal. App. 4th 706, 722, (2006). The *cy pres* will only receive settlement funds if Class Members fail to cash their checks after their individual payments are distributed per the Stipulation of Class Action Settlement and Release of Claims.

### D.     ENHANCEMENT AWARDS TO CLASS REPRESENTATIVES

An enhancement award to a named class representative must be supported by evidence that quantifies time and effort expended by each individual, using relevant factors that include "the actions the plaintiff has taken to protect the interests of the class, the degree to which the

class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (citation omitted). The Ninth Circuit has "noted that in some cases incentive awards may be proper but [has] cautioned that awarding them should not become routine practice." *Radcliffe v. Experian Info. Sol.*, 715 F.3d 1157, 1163 (9th Cir. 2013).

Here, Plaintiffs Dones and Berjamin ("Plaintiffs") request enhancement awards of $6,000 each, for a total of $12,000. Plaintiffs assisted counsel by remaining engaged in the litigation by consistently asking questions about the case and meeting with Class Counsel at his offices to strategize and continue developing their allegations. Class Counsel instructed Plaintiffs to seek out their co-workers in an effort to try and gather declarations; Plaintiffs eagerly did this and helped secure declarations. Plaintiffs attended mediation with Class Counsel and helped secure the Settlement.

In light of the above as well as the benefits obtained on behalf of the Settlement Class, the requested awards appear to be a reasonable inducement for Plaintiffs' participation in this case. The requested enhancement awards are approved.

**E.     SETTLEMENT ADMINISTRATION COSTS**

The Agreement provided for a maximum of $10,000 in settlement administrator costs. Here, the Settlement Administrator, CPT Group, Inc. requests $9,000 which is the amount estimated at the time of preliminary approval. Given the tasks performed (and still to be performed), and given the size of the class, this amount appears to be reasonable. This amount was also disclosed to class members and deemed unobjectionable.

**III.     CONCLUSION AND ORDER**

FOR GOOD CAUSE HAVING BEEN SHOWN, the Court hereby GRANTS the

Motion for Final Approval of Class Action Settlement and the Motion for Attorney's Fees, Costs, and Plaintiffs' Enhancement as follows:

(1) Class certification for purposes of settlement is confirmed;

(2) The Court finds the Settlement fair, reasonable and adequate;

(3) $133,200 in attorney's fees (30% of the Maximum Settlement Amount) for Class Counsel, Arlo Uriarte of Liberation Law Group, P.C.;

(4) 4,735.01 in accrued litigation costs for Class Counsel;

(5) $9,000 in settlement administration costs for CPT Group, Inc.;

(6) Enhancement awards for Plaintiffs Edgardo Dones and Emmanuel Berjamin in the amounts of $6,000 each ($12,000 total);

(7) Pursuant to the terms of the Settlement, this Court shall retain jurisdiction to enforce the terms of the Settlement for a period of one year.

**IT IS SO ORDERED.**

DATED: _____September 16, 2019_____       _____
Hon. Yvonne Gonzalez Rogers
JUDGE FOR THE U.S.D.C., NORTHERN
DISTRICT OF CALIFORNIA

EXHIBIT 1

Arlo García Uriarte, SBN 231764
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for Plaintiffs
Edgardo Dones
Emmanuel Berjamin
Romeo Vite

GREGORY C. CHENG, CA Bar No. 226865
gregory.cheng@ogletree.com
CAROLYN B. HALL, CA Bar No. 212311
carolyn.hall@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300 One Market Plaza
San Francisco, CA 94105
Telephone: 415.442.4810
Facsimile: 415.442.4870

Attorneys for Defendant
PrimeFlight Aviation Services, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| Edgardo Dones, Romeo Vite, Emmanuel Benjamin, on behalf of themselves, others similarly situated, and general public,<br><br>          Plaintiffs,<br><br>    v.<br><br>Primeflight Aviation Services, Inc., and DOES 1-25,<br><br>          Defendants. | Case No. 4:18-cv-01503-YGR<br><br>**STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS**<br><br>Complaint filed: October 30, 2017<br>Date of Removal: March 8, 2018<br><br>**Hon. Yvonne Gonzalez Rogers** |

This Stipulation of Class Action Settlement and Release of Claims ("Agreement" or "Settlement Agreement") is entered into between Named Plaintiffs Edgardo Dones and Emmanuel Berjamin (and on behalf of themselves and the Settlement Class, as defined below), and defendant PrimeFlight Aviation Services, Inc. Named Plaintiffs and Defendant (collectively, the "Parties") enter into this Agreement to effect a full and final settlement and dismissal of all claims brought against Defendant in *Edgardo Dones, et al. v. PrimeFlight Aviation Services, Inc.,* United States District Court for the Northern District of California, Case No. Case No. 4:18-cv-01503-YGR.

## I. <u>DEFINITIONS</u>

A.      "Action" means *Edgardo Dones, et al. v. PrimeFlight Aviation Services, Inc.*, filed on October 30, 2017, in the Superior Court for the State of California, County of San Francisco, and assigned Case Number CGC-17-562193, removed on March 8, 2018 to the United States District Court for the Northern District of California, Case No. Case No. 4:18-cv-01503-YGR, pending before the Honorable District Judge Yvonne Gonzalez Rogers.

B.      "Agreement" or "Settlement Agreement" means this Stipulation of Class Action and Release of Claims.

C.      "Class" or "Class Members" means all current and former hourly or non-exempt employees who were employed by Defendant in the State of California during the Covered Period and who did not enter into a valid agreement to arbitrate claims with Defendant.  There are approximately 341 individuals that comprise the Class.

D.      "Class Counsel" means Arlo García Uriarte of Liberation Law Group, P.C.

E.      "Class Counsel Award" means such award of fees and costs and expenses as the Court may authorize to be paid to Class Counsel for the services they have rendered and will render to Plaintiffs and the Class in the Action. The Class Counsel Award will not exceed 30% of the Maximum Settlement Amount, which is One Hundred Thirty-Three Thousand Two Hundred Dollars ($133,200.000), plus Class Counsel's actual costs and expenses as supported by declaration.

F.      "Class Data" means information regarding Class Members that Defendant will in good faith compile from its records and provide to the Settlement Administrator.  It shall be

formatted as a Microsoft Excel spreadsheet and shall include: each Class Member's (1) full name; (2) employee number; (3) last known address; (4) last known home telephone number; (5) Social Security number; and (6) start dates and end dates of employment with Defendant.

G.    "Class Representatives" means Named Plaintiffs Edgardo Dones and Emmanuel Berjamin. Named Plaintiff Romeo Vite entered into an enforceable valid agreement to arbitrate his claims with Defendant and thus is not a Class Member.

H.    "Class Representatives Service Awards" means the amount that the Court authorizes to be paid to Named Plaintiffs Edgardo Dones and Emmanuel Berjamin, in addition to their Individual Settlement Payments, in recognition of their efforts and risks in assisting with the prosecution of the Action and in exchange for executing a General Release of Defendant.

I.    "Compensable Workweeks" means the number of workweeks during which Class Members worked for Defendant during the Covered Period.  Using the Class Data, the Settlement Administrator will calculate the number of Compensable Workweeks by calculating the number of days each Class Member was employed during the Covered Period, dividing by seven (7), and rounding up to the nearest whole number.

J.    "Complaint" means the Complaint filed by Named Plaintiffs Edgardo Dones, Emmanuel Berjamin and Romeo Vite on October 30, 2017 in this Action,

K.    "Court" means the United States District Court for the Northern District of California.

L.    "Covered Period" means the period from October 30, 2013 through the date upon which the Court grants Named Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

M.    "Defendant" means PrimeFlight Aviation Services, Inc., an Ohio corporation.

N.    "Defendant's Counsel" means Gregory C. Cheng and Carolyn B. Hall of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

O.    "Effective Date" means: (i) if any timely objections are filed, the date of expiration of the time to file appeals regarding an Order granting final approval, or the resolution of any such appeals in a way that does not alter the terms of the settlement; or (ii) if no timely objections are

filed, the date upon which the Court enters the Final Approval Order and Judgment.

P.     "Employer-side Payroll Taxes" means the employer's portion of FICA, FUTA, and all other state and federal payroll taxes, which shall be paid out of the Maximum Settlement Amount.

Q.     "Final Approval" means that the Final Approval Order and Judgment have been entered by the Court.

R.     "Final Approval Hearing" means the hearing on the Motion for Final Approval of the Settlement.

S.     "Final Approval Order and Judgment" means the Order and Judgment Granting Final Approval of the Class Settlement, which shall be submitted with the Motion for Final Approval of the Settlement.

T.     "Individual Settlement Payment" means the amount payable from the Net Settlement Amount to each Settlement Class Member.

U.     "Maximum Settlement Amount" means the maximum amount of Four Hundred Forty-Four Thousand Dollars ($444,000.00) that Defendant will pay as a result of this Stipulation of Settlement, which shall cover all Individual Settlement Payments, Employer-side Payroll Taxes, the Class Representatives Service Awards, the Class Counsel Award, and the Settlement Administration Costs.

V.     "Named Plaintiffs" means Edgardo Dones, Emmanuel Berjamin and Romeo Vite.

W.     "Net Settlement Amount" or "NSA" means the Maximum Settlement Amount, less: (1) the Class Counsel Award; (2) the Class Representatives Service Awards; (3) Employer-side Payroll Taxes; and (4) Settlement Administration Costs.

X.     "Notice" means the Notice of Class Action Settlement to be mailed to the Class Members, in a form substantially similar to the form attached hereto as "**Exhibit 1**."

Y.     "PAGA" means the California Labor Code Private Attorneys General Act of 2004.

Z.     "Parties" means Named Plaintiffs Edgardo Dones and Emmanuel Berjamin and Defendant, collectively, and "Party" shall mean either Named Plaintiffs or Defendant, individually.

AA.    "Payment Ratio" means the respective Compensable Workweeks for each

Settlement Class Member divided by the total Compensable Workweeks for all Settlement Class Members.

BB. "Preliminary Approval Date" means the date the Court enters an order granting preliminary approval of the Settlement.

CC. "Released Claims" means all causes of action that were alleged or reasonably could have been alleged in the operative complaint based on the facts, legal theories, or causes of action contained therein, including but not limited to all associated claims for: (a) unpaid regular and overtime wages; (b) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof; (c) failure to provide proper rest breaks, and to properly provide premium pay in lieu thereof; (d) waiting time penalties for untimely final pay; (e) improper and/or inaccurate wage statements; (f) unfair business practices based on the afore-referenced claims and as alleged in the Complaint; (g) the aggrieved employee portion (25%) as to any civil penalties under the Labor Code Private Attorneys General Act ("PAGA") based on the afore-referenced claims; (h) any other claims or penalties under the wage and hour laws pleaded in the Action based on the afore-referenced claims and as alleged in the Complaint; and (i) all damages, penalties, interest and other amounts recoverable under the afore-referenced claims under said causes of action under California and federal law, to the extent permissible, as to the facts alleged in the Action, including the applicable Wage Orders as to the facts alleged in the Complaint (collectively, the "Released Claims"). The period of the Release shall extend to the limits of the Covered Period. The *res judicata* effect of the Judgment will be the same as that of the Release.

DD. "Released Parties" means Defendant and its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers, including but not limited to "Does 1 through 25," as defined in the Complaint.

EE. "Response Deadline" means the date sixty (60) days after the Settlement Administrator mails Notice Packets to Class Members and the last date on which Class Members may submit requests for exclusion or objections to the Settlement.

FF.     "Settlement" means the disposition of the Action pursuant to this Agreement.

GG.     "Settlement Administration Costs" means the fees and expenses reasonably incurred by the Settlement Administrator as a result of the procedures and processes expressly required by this Agreement, which are not to exceed Ten Thousand Dollars ($10,000.00).

HH.     "Settlement Administrator" means CPT Group, Inc..

II.     "Settlement Class Members" or "Settlement Class" means all Class Members after excluding any person who submits a timely and valid request for exclusion as provided in this Agreement.

## II.     <u>RECITALS</u>

A.     <u>Class Certification</u>.  The Parties stipulate to provisional class certification of the Class for purposes of settlement only.  If the Court does not grant either preliminary or final approval of this settlement, this provisional class certification shall immediately be set aside and the Class immediately decertified (subject to further proceedings on motion of any party to certify or deny certification thereafter) and this Agreement shall not constitute or be used as evidence that class certification is appropriate.  If the Court does not grant either preliminary or final approval of this settlement, the Parties shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed, except that any costs actually incurred by the Settlement Administrator shall be paid by equal apportionment among the Parties.

B.     <u>Procedural History</u>.  On October 30, 2017, Named Plaintiffs Edgardo Dones, Emmanuel Berjamin and Romeo Vite filed a putative class action Complaint in the San Francisco County Superior Court, alleging claims for Defendant's failure to pay minimum and overtime wages, failure to provide compliant meal and rest periods and associated premium pay; failure to timely pay wages, and failure to provide accurate wage statements, along with derivative claims for restitution under California Business & Professions Code sections 17200, *et seq*., and claims for interest, attorneys' fees and costs.  On March 8, 2018, Defendant removed the Action to the United States District Court for the Northern District of California. On June 21, 2018, Class Counsel notified the California Labor and Workforce Development Agency of Defendant's alleged Labor

Code violations and Named Plaintiffs' intention to seek civil penalties under PAGA.

C. The Class Representatives believe they have meritorious claims based on alleged violations of the California Labor Code, and that class certification is appropriate because the prerequisites for class certification can be satisfied in the Action.

D. Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, disputes the damages and penalties claimed by the Class Representatives, and further contends that, for any purpose other than settlement, the Action is not appropriate for class or representative action treatment. Defendant contends, among other things, that at all times it complied with the California Labor Code, and the Industrial Wage Commission Orders.

E. On September 6, 2018, the Parties attended a day-long mediation session with Mark C. Peters, Esq., a well-respected mediator with experience in mediating wage and hour class actions. The mediation did not result in a resolution of the Action on that day. The Parties engaged in subsequent discussions which resulted in a complete settlement of this case on November 6, 2018, as memorialized as to material terms in a Memorandum of Agreement. Based on Defendant's assertion that Named Plaintiff Romeo Vite's claims were subject to an enforceable arbitration agreement, the Parties reached a separate, confidential settlement with Plaintiff Vite, on an individual basis. Named Plaintiffs Edgardo Dones and Emmanuel Berjamin are proceeding to represent the Class Members, as defined in Section I.C, above.

F. The Parties believe that the Settlement is fair, reasonable and adequate. The Settlement was arrived at through arm's-length negotiations, taking into account all relevant factors. The Parties recognize the uncertainty, risk, expense and delay attendant to continuing the Action through trial and any appeal. Accordingly, the Parties desire to fully, finally, and forever settle, compromise and discharge all disputes and claims arising from or relating to the Action.

### III. TERMS OF AGREEMENT

A. <u>Settlement Consideration</u>. Defendant shall pay up to the Maximum Settlement Amount. The Parties agree that this is a non-reversionary Settlement and that no portion of the Maximum Settlement Amount shall revert to Defendant. In no event shall Defendant be required to pay more than the Maximum Settlement Amount.

B.  <u>Release By All Settlement Class Members</u>.  As of the Effective Date, in exchange for the consideration set forth in this Agreement, Named Plaintiffs (as used hereinafter, "Named Plaintiffs" shall refer to Edgardo Dones and Emmanuel Berjamin) and the Settlement Class Members release the Released Parties from the Released Claims for the Covered Period. Settlement Class Members hereby expressly waive any recovery under PAGA as an aggrieved employee and any right they may have to act as a PAGA representative.  Named Plaintiffs and the Settlement Class Members may hereafter discover facts or legal arguments in addition to or different from those they now know or currently believe to be true with respect to the claims, causes of action and legal theories of recovery in this case which are the subject matter of the Released Claims.  Regardless, the discovery of new facts or legal arguments shall in no way limit the scope or definition of the Released Claims, and by virtue of this Agreement, Named Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the final judgment approved by the Court, shall have, fully, finally, and forever settled and released all of the Released Claims as defined in this Agreement.

C.  <u>General Release By Named Plaintiffs</u>.  As of the Effective Date, in consideration for the consideration set forth in this Agreement, Named Plaintiffs, for themselves and their heirs, successors and assigns, do hereby waive, release, acquit and forever discharge the Released Parties, from any and all claims, actions, charges, complaints, grievances and causes of action, of whatever nature, whether known or unknown, which exist or may exist on Named Plaintiffs' behalf as of the date of this Agreement, including but not limited to any and all tort claims, contract claims, wage claims, wrongful termination claims, disability claims, benefit claims, public policy claims, retaliation claims, statutory claims, personal injury claims, emotional distress claims, invasion of privacy claims, defamation claims, fraud claims, quantum meruit claims, and any and all claims arising under any federal, state or other governmental statute, law, regulation or ordinance, including, but not limited to claims for violation of the Fair Labor Standards Act, the California Labor Code, the Wage Orders of California's Industrial Welfare Commission, other state wage and hour laws, the Americans with Disabilities Act, the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act, the

California Family Rights Act, the Family Medical Leave Act, California's Whistleblower

Protection Act, California Business & Professions Code Section 17200 *et seq*., the California Labor

Code Private Attorneys General Act of 2004, California Labor Code Section 2699 *et seq*.

("PAGA"), and any and all claims arising under any federal, state or other governmental statute,

law, regulation or ordinance. Named Plaintiffs hereby expressly waive any right they may have to

act as a PAGA representative. Named Plaintiffs hereby expressly waive and relinquish any and all

claims, rights or benefits that they may have under California Civil Code § 1542, which provides as

follows: ***A general release does not extend to claims that the creditor or releasing party does not***

***know or suspect to exist in his or her favor at the time of executing the release and that if known***

***by him or her, would have materially affected his or her settlement with the debtor or released***

***party.*** Named Plaintiffs may hereafter discover claims or facts in addition to, or different from,

those which they now know or believe to exist, but they each expressly agree to fully, finally and

settle and release any and all claims against the Released Parties, known or unknown, suspected or

unsuspected, which exist or may exist on behalf of or against the other at the time of execution of

this Agreement, including, but not limited to, any and all claims relating to or arising from Named

Plaintiffs' employment with Defendant. The Parties further acknowledge, understand and agree

that this representation and commitment is essential to the Agreement and that this Agreement

would not have been entered into were it not for this representation and commitment. Without

limiting the scope of this Agreement, each Named Plaintiff, in the event he receives a service

award, agrees that this Agreement constitutes a knowing and voluntary waiver of any and all rights

or claims that exist or that each Named Plaintiff may claim to have under the ADEA, as amended

by the Older Workers' Benefit Protection Act of 1990 (29 U.S.C. § 621 *et seq.*). Each Named

Plaintiff acknowledges all of the following:

      1.     The consideration provided pursuant to this Agreement, including the

possibility of a service award, is in addition to any consideration that he would otherwise be

entitled to receive;

      2.     Each Named Plaintiff has been and is advised in writing to consult with an

attorney prior to signing this Agreement;

3.      Each Named Plaintiff has been provided a full and ample opportunity to study this Agreement, including a period of at least twenty-one (21) calendar days within which to consider it;

4.      To the extent that either Named Plaintiff takes fewer than twenty-one (21) calendar days to consider this Agreement prior to signing it, such Named Plaintiff acknowledges that he had sufficient time to consider this Agreement with legal counsel and that he expressly, voluntarily, and knowingly waives the full twenty-one (21) calendar-day period;

5.      Each Named Plaintiff agrees that any changes made to the Agreement during the twenty-one (21) day period (whether material or immaterial) do not restart the running of the twenty-one (21) day period; and

6.      Each Named Plaintiff is aware of his right to revoke this waiver of claims under the ADEA any time within the seven (7) calendar-day period following the date of full execution of this Agreement and that the waiver of claims under the ADEA shall not become effective or enforceable until the seven (7) calendar-day revocation-period expires. Notwithstanding each Named Plaintiff's right to revoke the waiver of claims under the ADEA, the remainder of the terms of this Agreement shall become effective and enforceable as of the date the Parties sign this Agreement.

7.      To be effective, timely notice of revocation of the waiver of ADEA claims must be made in writing and delivered to Defendant through its counsel, Gregory C. Cheng, Esq., at Ogletree Deakins Nash Smoak & Stewart, P.C., One Market Plaza, Steuart Tower, Suite 1300, San Francisco, California 94105, no later than the seventh (7th) day after the date of Preliminary Approval. Each Named Plaintiff agrees to keep written documentation proving that such Named Plaintiff revoked this Agreement as provided in this paragraph, either by keeping the documents attesting to the delivery of the revocation, or verification that the fax was, in fact, received.

D.      <u>Conditions Precedent</u>:  This Settlement will become final and effective only upon the occurrence of all of the following events:

1.      The Court enters an order granting preliminary approval of the Settlement;

2.      The Court enters a Final Approval Order and Judgment;

3. The time for appeal of the Final Approval Order and Judgment expires; or, if an appeal is timely filed, there is a final resolution of any appeal from the Final Approval Order and Judgment; and

4. Defendant does not invoke its right to revoke the Settlement as described in paragraph III(O) herein.

E. <u>Nullification of Settlement Agreement</u>. In the event that this Settlement Agreement is not preliminarily or finally approved by the Court, fails to become effective (as set forth in Section III.D) , or is reversed, withdrawn or modified by the Court, or in any way prevents or prohibits Defendant from obtaining a complete resolution of the claims as described herein:

1. This Settlement Agreement shall be void *ab initio* and of no force or effect, and shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural;

2. The conditional class certification (obtained for any purpose) shall be void *ab initio* and of no force or effect, and shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; and

3. None of the Parties to this Settlement will be deemed to have waived any claims, objections, defenses or arguments in the Action, including with respect to the issue of class certification.

F. <u>Certification of the Class</u>. The Parties stipulate to conditional class certification of the Class for the Covered Period for purposes of settlement only. In the event that this stipulation is not approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court, or in any way prevents or prohibits Defendant from obtaining a complete resolution of the claims as described herein, the conditional class certification (obtained for settlement purposes) shall be void *ab initio* and of no force or effect, and shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural.

G. <u>Tax Liability</u>. The Parties make no representations as to the tax treatment or legal effect of the payments called for hereunder, and Settlement Class Members are not relying on any

statement or representation by the Parties in this regard. Settlement Class Members understand and agree that they will be responsible for the payment of any taxes and penalties assessed on the Individual Settlement Payments described herein and will hold the Parties free and harmless from and against any claims, liabilities, costs and expenses, including attorney's fees, resulting in any way from personal tax treatment of the payments made pursuant to this Agreement, including the treatment of such payments as not subject to withholding or deduction for payroll and employment taxes.

H. <u>Circular 230 Disclaimer</u>. Each Party to this Agreement (for purposes of this section, the "acknowledging party" and each Party to this Agreement other than the acknowledging party, an "other party") acknowledges and agrees that: (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department circular 230 (31 CFR part 10, as amended); (2) the acknowledging party (a) has relied exclusively upon his, her or its own, independent legal and tax counsel for advice (including tax advice) in connection with this Agreement, (b) has not entered into this Agreement based upon the recommendation of any other Party or any attorney or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party, and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Agreement.

I. <u>Preliminary Approval Motion</u>. At the earliest practicable time, Named Plaintiffs shall file with the Court a Motion for Preliminary Approval of the Settlement and supporting papers, which shall include this Settlement Agreement. Class Counsel shall provide a copy of the draft Motion for Preliminary Approval of the Settlement to Defendant's Counsel for review three (3) business days before filing it with the Court. Defendant shall timely file a Statement of Non-Opposition to the Motion for Preliminary Approval of the Settlement. The Parties and their counsel

will cooperate with each other and use their best efforts to obtain the Court's approval of the Motion for Preliminary Approval of the Settlement.

       J.     <u>Settlement Administrator</u>.

       1.     The Settlement Administrator shall be responsible for: (a) preparing and mailing the CAFA Notice (as set forth below); (b) printing and mailing the Notice to the Class Members as directed by the Court; (c) receiving and reporting the objections and requests for exclusion; (d) processing and mailing payments to the Class Representatives, Class Counsel, and Settlement Class Members; (e) distributing tax forms; (f) processing and mailing tax payments to the appropriate state and federal taxing authorities; (g) providing declaration(s) as necessary in support of preliminary and/or final approval of this Settlement; and (h) other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.  The Settlement Administrator shall keep the Parties timely apprised of the performance of all Settlement Administrator responsibilities.

       2.     The Settlement Administrator shall translate, prepare, and send to the Class Members a version of the Court-approved Notice that is in English and Spanish. Effective from the date of the first mailing of the Notice to the date of the Final Approval Hearing, the Settlement Administrator shall establish and operate a telephone support line that can assist English and Spanish speakers.

       3.     Effective from the date of the first mailing of the Notice to the date that is fourteen (14) calendar days after the expiration of the Individual Settlement Payment checks to Settlement Class Members, the Settlement Administrator shall post the following on its website for the Settlement:

       a.     the Complaint;

       b.     a copy of the Settlement Agreement;

       c.     a copy of all papers filed in support of preliminary approval of the Settlement (which may be combined into one file);

       d.     a copy of the preliminary approval order and all other orders by the Court regarding the Settlement;

e.    an exemplar of the Court-approved Notice in English and Spanish.

f.    a copy of all papers filed in support of final approval of the Settlement (which may be combined into one file);

g.    a copy of the Final Approval Order and Judgment (after it has been entered and filed); and

h.    any other notices or documents as the Court may require.

K.    <u>CAFA Notice</u>.  Within ten (10) calendar days after the Named Plaintiffs Edgardo Dones and Emmanuel Berjamin file their motion for preliminary approval of the Settlement, the Settlement Administrator, on behalf of Defendant, will mail a notice of proposed settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715 ("CAFA Notice") to the Attorney General of the United States, the Attorney General of the State of California, and the Attorney General of any state where a Class Member resides.

L.    <u>Notice Procedure</u>.

1.    <u>Class Data.</u>  No later than fourteen (14) calendar days after the Preliminary Approval Date, Defendant shall provide the Settlement Administrator with the Class Data for purposes of preparing and mailing the Notice to Class Members.  The Class Data shall be confidential.  The Settlement Administrator shall not provide the Class Data to Class Counsel or Named Plaintiffs, except as required to monitor the administration of the notice process and preparation of papers for submission to the Court, or any third party, or use the Class Data or any information contained therein for any purpose other than to administer this Settlement.

2.    <u>Notice to Class Members</u>.

a.    The Notice of Class Action Settlement in a form substantially similar to the form attached hereto as **<u>Exhibit 1</u>**, shall inform Class Members that in order to receive an Individual Settlement Payment if the Court grants final approval of the Settlement, they do not need to do anything except to keep the Settlement Administrator apprised of their current mailing addresses.  The Notice of Class Action Settlement shall also set forth the release to be given by all members of the Class who do not request to be excluded from the Settlement.

b.    The Notice of Class Action Settlement shall also include the Class

Member's starting and ending dates of employment during the Class Period, the number of Compensable Workweeks, and the estimated amount of his or her Individual Settlement Payment if he or she does not request to be excluded from the Settlement. The Settlement Administrator shall use the Class Data to determine the dates of employment, calculate the number of Compensable Workweeks, and calculate the estimated Individual Settlement Payment for each Class Member.

       3.   <u>Notice By First Class U.S. Mail</u>. Upon receipt of the Class Data, the Settlement Administrator will perform a search based on the National Change of Address Database to update and correct any known or identifiable address changes. No later than twenty-one (21) calendar days after receiving the Class Data from Defendant as provided herein, the Settlement Administrator shall mail copies of the Notice to all Class Members via regular First Class U.S. Mail. The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Class Member. The address identified by the Settlement Administrator as the current mailing address shall be presumed to be the best mailing address for each Class Member.

       4.   <u>Undeliverable Notices</u>. Any Notice returned to the Settlement Administrator as non-delivered on or before the Response Deadline shall be re-mailed to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine a correct address by lawful use of skip-tracing, or other search using the name, address and/or Social Security number of the Class Member involved, and shall then promptly perform a re-mailing, if another mailing address is identified by the Settlement Administrator. Class Members who received a re-mailed Notice shall have their Response Deadline extended fifteen (15) calendar days from the original Response Deadline.

       5.   <u>Disputes Regarding Individual Settlement Payments</u>. Class Members will have the opportunity, should they disagree with Defendant's records regarding the dates of employment stated on their Notice, to provide documentation and/or an explanation to show contrary employment dates. Any such dispute must contain: (1) the Class Member's full name and address; (2) the case name and number; (3) a clear statement indicating that the Class Member wishes to dispute the dates of employment attributed to him or her; and (4) the dates of

employment the Class Member contends are correct, together with any supporting documents or information.  The Parties agree that disputes will not be rejected for technical failure to meet the requirements set forth herein, as long as the Class Member can be identified through Defendant's records.  The Settlement Administrator will consult with Defendant in order to determine whether the Class Member can be identified.  If there is a dispute, the Settlement Administrator will consult with the Parties to determine whether an adjustment is warranted.  The Settlement Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Agreement.  The Settlement Administrator's determination of the eligibility for and amount of any Individual Settlement Payment shall be binding upon the Settlement Class Member and the Parties.

6.     Disputes Regarding Administration of Settlement.  Any disputes not resolved by the Settlement Administrator concerning the administration of the Settlement will be resolved by the Court under the laws of the State of California.  Prior to any such involvement of the Court, counsel for the Parties will confer in good faith to resolve the disputes without the necessity of involving the Court.

7.     No Claim Form Required.  Class Members are not required to submit a claim form to receive an Individual Settlement Payment.  The Notice of Class Action Settlement shall state that Class Members who wish to receive Individual Settlement Payments need not do anything except to keep the Settlement Administrator apprised of a current mailing address in order to receive an Individual Settlement Payment check following the Effective Date of the Settlement.

8.     Exclusions.  The Notice of Class Action Settlement shall state that Class Members who wish to exclude themselves from the Settlement must submit a written request for exclusion by the Response Deadline.  The written request for exclusion must: (1) contain the name, address, telephone number and the last four digits of the Social Security or the full employee ID number of the person requesting exclusion; (2) be signed by the Class Member or his or her legal representative; (3) be postmarked or fax stamped by the Response Deadline and returned to the Settlement Administrator at the specified address or fax telephone number; and (4) contain a typewritten or handwritten statement that the Class Member wishes to be excluded from the

Settlement. Notwithstanding the requirements set forth herein, the Parties agree that any timely requests for exclusion which unambiguously express the Class Member's intention to opt out will generally be honored. However, requests for exclusion will not be valid if they are not timely submitted. The date of the postmark or fax-stamp on the request for exclusion shall be the exclusive means used to determine whether the request for exclusion was timely submitted. In the case of other technical deficiency, the Settlement Administrator will evaluate the request for exclusion and decide whether it is valid, and, if necessary, the Settlement Administrator will present it to the Court to decide. Any Class Member who requests to be excluded from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the terms of the Settlement or have any right to object, appeal or comment thereon. Class Members who fail to submit a valid and timely written request for exclusion on or before the Response Deadline shall be bound by all terms of the Settlement and any final judgment entered in this Action if the Settlement is approved by the Court. No later than fourteen (14) calendar days after the Response Deadline, the Settlement Administrator shall provide counsel for the Parties with the final number of Class Members who have timely submitted written requests for exclusion. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage members of the Class to submit requests for exclusion from the Settlement.

9. <u>Objections</u>. The Notice of Class Action Settlement shall state that Class Members who do not seek to exclude themselves from the Settlement (*i.e.* Settlement Class Members), and who wish to object to the Settlement must file a written objection and supporting papers ("Notice of Objection" or "Written Objection"). Any Notice of Objection must (a) clearly identify the case name and number, (b) be submitted to the Court either by mailing the Notice of Objection to the Class Action Clerk, United States District Court for the Northern District of California, or by filing the Notice of Objection in person at any location of the United States District Court for the Northern District of California, on or before the Response Deadline. Settlement Class Members who fail to file objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement. Settlement Class Members who file a timely

Notice of Objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court and may appear through their own attorney at the Settlement Class Member's expense. No Settlement Class Member may appear at the Final Approval Hearing unless he or she has filed a timely written objection that complies with the procedures provided in this Section. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to file written objections to the Settlement or appeal from the Final Approval Order and Judgment. Class Members who submit a written request for exclusion are not entitled to object to the Settlement.

M. Funding and Allocation of the Maximum Settlement Amount. Defendant is required to pay the sum of the Individual Settlement Payments, the Class Representatives Service Awards, the Class Counsel Award, Employer-Side Payroll Taxes, and the Settlement Administration Costs, as specified in this Agreement and as approved by the Court, up to the Maximum Settlement Amount.

1. Funding Due Dates. Defendant shall fund the Maximum Settlement Amount in two equal installments, payable to the Settlement Administrator as follows: (a) the **first** payment of $222,000.00 shall be made within ten (10) business days of the date the Court issues the Final Approval Order and Judgment; and (b) the **second and final** payment of $222,000.00 shall be made sixty (60) calendar days after the first payment is made.

2. Individual Settlement Payments. Individual Settlement Payments shall be paid from the Net Settlement Amount and shall be paid pursuant to the formula set forth herein.

a. Calculation of Estimated Individual Settlement Payments. Using the Class Data, the Settlement Administrator will calculate the total Compensable Workweeks for all Class Members. The respective Compensable Workweeks for each Class Member will be divided by the total Compensable Workweeks for all Settlement Class Members, resulting in the Payment Ratio for each Settlement Class Member. Each Class Member's Payment Ratio will then be multiplied by the estimated Net Settlement Amount to calculate each Class Member's estimated Individual Settlement Payments.

b. Calculation of Individual Settlement Payments. Using the Class

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

Data, or using the Compensable Workweeks calculated based on disputed and subsequently approved alternative employment dates (where dates of employment have been disputed by a Settlement Class Member in accordance with this Agreement), the Settlement Administrator will calculate the total Compensable Workweeks for all Settlement Class Members. The respective Compensable Workweeks for each Settlement Class Member will be divided by the total Compensable Workweeks for all Settlement Class Members, resulting in the Payment Ratio for each Settlement Class Member. Each Settlement Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to calculate each Settlement Class Member's Individual Settlement Payments.

c.     <u>Allocation</u>. For tax purposes, Individual Settlement Payments shall be allocated and treated as follows: (i) twenty percent (20%) as wages (reported on IRS Form W-2); (ii) forty percent (40%) as penalties (reported on IRS Form 1099) and (iii) forty percent (40%) as interest (reported on IRS Form 1099). Prior to issuance of payment to Settlement Class Members, each Individual Settlement Payment shall be reduced for the employee's share of taxes and withholding with respect to the wage-portion of the Individual Settlement Payment.

d.     <u>Mailing</u>. All Individual Settlement Payment checks shall be mailed by regular First Class U.S. Mail to Settlement Class Members' last known mailing address no later than fourteen (14) calendar days after the Effective Date.

e.     <u>Expiration</u>. Any Individual Settlement Payment checks issued to Settlement Class Members shall remain valid and negotiable for one hundred and eighty (180) calendar days from the date of their issuance. In the event that an Individual Settlement Payment check has not been negotiated within one hundred and eighty (180) calendar days, the check shall be voided and funds associated with such voided checks plus any accrued interest that has not otherwise been distributed, shall be awarded to Instituto Laboral de la Raza.

3.     <u>Class Representatives Service Awards</u>. Defendant agrees not to oppose or object to any application or motion by Named Plaintiffs for a Class Representative Service Award of up to Six Thousand Dollars ($6,000.00) to each Named Plaintiff in exchange for the Released Claims and a General Release and for their time, effort and risk in bringing and prosecuting this

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

matter.  The Settlement Administrator shall pay the Class Representatives Service Awards to Named Plaintiffs from the Maximum Settlement Fund no later than fourteen (14) calendar days after the Effective Date.  Any portion of the requested Class Representatives Service Awards that is not awarded to the Class Representatives shall be part of the Net Settlement Amount and shall be distributed to Settlement Class Members as provided in this Agreement.  The Settlement Administrator shall issue an IRS Form 1099 — MISC to each of the Named Plaintiffs for his respective Class Representative Service Award.  Each Named Plaintiff shall be solely and legally responsible to pay any and all applicable taxes on his Class Representative Service Award and shall hold harmless Defendant from any claim or liability for taxes, penalties, or interest arising as a result of the Class Representative Service Award.  The Class Representatives Service Awards shall be in addition to each of the Named Plaintiff's respective Individual Settlement Payment as a Settlement Class Member.  In the event that the Court reduces or does not approve the requested Class Representatives Service Awards, Plaintiff shall not have the right to revoke the Settlement, and it will remain binding.

4.  <u>Class Counsel Award</u>.  Defendant agrees not to oppose or object to any application or motion by Class Counsel for attorneys' fees not to exceed thirty  percent (30%) of the Maximum Settlement Amount ($133,200.00 out of $444,000.00), plus actual costs and expenses supported by declaration, from the Maximum Settlement Amount.  Any portion of the requested Class Counsel Award that is not awarded to Class Counsel shall be part of the Net Settlement Amount and shall be distributed to Settlement Class Members as provided in this Agreement.  The Settlement Administrator shall pay the Class Counsel Award to Class Counsel from the Maximum Settlement Amount no later than fourteen (14) calendar days after the Effective Date.  Class Counsel shall be solely and legally responsible to pay all applicable taxes on the payment made pursuant to this paragraph.  The Settlement Administrator shall issue an IRS Form 1099 — MISC to Class Counsel for the payments made pursuant to this paragraph.  In the event that the Court reduces or does not approve the requested Class Counsel Award, Named Plaintiffs and Class Counsel shall not have the right to revoke the Settlement, or to appeal such order, and the Settlement will remain binding.

5. <u>Settlement Administration Costs</u>. The Settlement Administrator shall be paid for the costs of administration of the Settlement from the Maximum Settlement Amount, not to exceed Ten Thousand Dollars ($10,000.00). The Settlement Administrator shall be paid the Settlement Administration Costs no later than fourteen (14) calendar days after Defendant provide funds to the Settlement Administrator for disbursement under this Agreement.

N. <u>Final Approval Motion</u>. At the earliest practicable time following the expiration of the Response Deadline, Named Plaintiffs shall file with the Court a Motion for Final Approval of Settlement, which motion shall request final approval of the Settlement and the amounts payable for the Class Representatives Service Awards, the Class Counsel Award, the Settlement Administration Costs, and also seek entry of a Final Approval Order and Judgment.

1. <u>Review of Motion for Final Approval</u>. Class Counsel will provide an opportunity for Defendant's Counsel to review the Motion for Final Approval of Settlement prior to filing with the Court. The Parties and their counsel will cooperate with each other and use their best efforts to obtain the Court's approval of the Motion for Final Approval of the Settlement.

2. <u>Declaration by Settlement Administrator</u>. The Settlement Administrator shall submit a declaration in support of Named Plaintiffs' Motion for Final Approval of the Settlement detailing: (a) the number of Notices mailed and re-mailed to Class Members; (b) the number of undeliverable Notices; (c) the number of timely requests for exclusion; (d) the number of objections submitted; (e) the amount of the highest and average Individual Settlement Payments, the Settlement Administration Costs; and (f) any other information as the Parties mutually agree or the Court orders the Settlement Administrator to provide.

O. <u>Defendant's Option to Terminate Settlement</u>. If, after the Response Deadline and before the Final Approval Hearing, the number of Class Members who submitted timely and valid written requests for exclusion from the Settlement is at least ten percent (10%) of all Class Members, Defendant shall have, in its sole discretion, the option to terminate this Settlement. If Defendant exercises the option to terminate this Settlement, Defendant shall: (a) provide written notice to Class Counsel prior to the Final Approval Hearing and no later than seven (7) calendar days after receiving notice from the Settlement Administrator of the number of Class Members

who have submitted timely and valid requests for exclusion; (b) pay all Settlement Administration Costs incurred up to the date or as a result of the termination; and (c) the Parties shall proceed in all respects as if this Agreement had not been executed.

P. <u>Dispute Resolution Concerning Enforcement of the Terms of This Settlement Agreement</u>. Except as provided herein, all disputes concerning the interpretation, calculation or payment of settlement shares, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows: if Named Plaintiffs or Class Counsel, on behalf of Named Plaintiffs or any Class Member, or Defendant at any time contend that the other Party has breached or acted contrary to the Settlement Agreement, that Party shall notify the other Party in writing of the alleged violation. Upon receiving notice of the alleged violation or dispute, the responding Party shall have ten (10) calendar days to correct the alleged violation and/or respond to the initiating Party with the reasons why the Party disputes all or part of the allegation. If the response does not address the alleged violation to the initiating Party's satisfaction, the Parties shall negotiate in good faith for up to ten (10) calendar days to resolve their differences and shall present any and all application(s) and/or stipulation(s) to the Court as may be necessary to effectuate their resolution and obtain the Court's approval. If the Parties are unable to resolve their differences within thirty (30) calendar days after the writing which notified them of the alleged violation, either Party may elect to file (l) an appropriate motion for enforcement with the Court, or (2) take any other legal action to enforce this Settlement Agreement, including and not limited to, pursuant to the Court's continuing jurisdiction pursuant to California Rule of Court 3.769 and as stated in Section Z herein.

Q. <u>Cooperation</u>. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.

R. <u>Interim Stay of Proceedings</u>. The Parties agree to stay all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Approval Hearing to be conducted by the Court.

S. <u>Amendment or Modification</u>. This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

T.    <u>Entire Agreement</u>.  This Agreement and the attached Exhibit constitute the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibit other than the representations, warranties and covenants contained and memorialized in the Agreement and its Exhibit.

U.    <u>Authorization to Enter Into Settlement Agreement</u>.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate actions required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The person signing this Agreement on behalf of Defendant represents and warrant that they are authorized to sign this Agreement on behalf of Defendant. Each Named Plaintiff represents and warrants that he is authorized to sign this Agreement and that he has not assigned any claim, or part of a claim, covered by this Settlement to a third-party.

V.    <u>Binding on Successors and Assigns</u>.  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

W.    <u>California Law Governs</u>.  All terms of this Agreement and the Exhibits hereto and any disputes arising hereunder shall be governed by and interpreted according to the laws of the State of California.

X.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves copies or originals of the signed counterparts.

Y.    <u>This Settlement Is Fair, Adequate and Reasonable</u>.  The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Action and have arrived at this Settlement after extensive arms-length negotiations, taking into account all relevant factors, present and potential.

Z.    <u>Jurisdiction of the Court</u>.  The Parties agree that pursuant to California Rule of Court 3.769(h) the Court shall retain jurisdiction with respect to the interpretation, implementation

and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

AA. <u>Invalidity of Any Provision</u>. Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

BB. <u>Publicity</u>. Named Plaintiffs and Class Counsel agree not to disclose or publicize the Settlement, including the fact of the Settlement, its terms or contents, and the negotiations underlying the Settlement, in any manner or form, directly or indirectly, to any person or entity, and Class Members. For the avoidance of doubt, this section means Named Plaintiffs and Class Counsel agree not to issue press releases, communicate with, whether by publication either in print or electronic format, video recording or any other medium, any media or publication entities or any person related thereto, concerning the Settlement, including the fact of the Settlement, its terms or contents and the negotiations underlying the Settlement, except as shall be contractually required to effectuate the terms of the Settlement as set forth herein. However, for the limited purpose of allowing Class Counsel to prove adequacy as class counsel in other actions, Class Counsel may reference the Settlement without stating the name of the Parties in this Action, for such purposes.

CC. <u>No Unalleged Claims</u>. Named Plaintiffs and Class Counsel represent that represent that they do not currently intend to pursue any claims against Defendant, including, but not limited to, any and all claims relating to or arising from Named Plaintiffs' employment with Defendant, and that Named Plaintiffs' Counsel is not currently aware of any facts or legal theories upon which any claims or causes of action could be brought against Defendant, excepting those facts or legal theories alleged in the operative complaint in this Action. The Parties further acknowledge, understand and agree that this representation is essential to the Agreement and that this Agreement would not have been entered into were it not for this representation.

DD. <u>Waiver of Certain Appeals</u>. The Parties agree to waive appeals regarding, and to

1    stipulate to, class certification for purposes of this settlement only.

2          EE.     No Admissions. Named Plaintiffs have claimed and continue to claim that the

3    Action has merit and gives rise to liability on the part of Defendant. Defendant claims that the

4    Action has no merit and does not give rise to liability. This Agreement is a compromise of

5    disputed claims. Nothing contained in this Agreement and no documents referred to herein and no

6    action taken to carry out this Agreement may be construed or used as an admission by or against

7    the Defendant or Named Plaintiffs or Class Counsel as to the merits or lack thereof of the claims

8    asserted.

9                        *[Signatures follow on the next page.]*

IN WITNESS WHEREOF, this Settlement Agreement is executed by and on behalf of the Settling Parties and their duly authorized attorneys, as of the day and year herein set forth.

DATED: February 29, 2019

By: _____
Plaintiff, EDGARDO DONES

DATED: February 22, 2019

By: _____
Plaintiff, EMMANUEL BERJAMIN

DATED: February 26, 2019

LIBERATION LAW GROUP, P.C.

By: _____
ARLO URIARTE

Attorneys for Plaintiffs

DATED: February ___, 2019

PRIMEFLIGHT AVIATION SERVICES, INC.

By: _____
HIRAM A. COX
Secretary/Treasurer
PrimeFlight Aviation Services, Inc.

DATED: February ___, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
GREG C. CHENG
CAROLYN B. HALL

Attorneys for Defendant
PRIMEFLIGHT AVIATION SERVICES, INC.

36463643.5

IN WITNESS WHEREOF, this Settlement Agreement is executed by and on behalf of the Settling Parties and their duly authorized attorneys, as of the day and year herein set forth.

DATED: February ___, 2019

By: _____
Plaintiff, EDGARDO DONES

DATED: February ___, 2019

By: _____
Plaintiff, EMMANUEL BERJAMIN

DATED: February ___, 2019            LIBERATION LAW GROUP, P.C.

By: _____
ARLO URIARTE

Attorneys for Plaintiffs

DATED: February 22, 2019            PRIMEFLIGHT AVIATION SERVICES, INC.

By: _____
HIRAM A. COX
Secretary/Treasurer
PrimeFlight Aviation Services, Inc.

DATED: February 22, 2019            OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By: _____
GREG C. CHENG
CAROLYN B. HALL

Attorneys for Defendant
PRIMEFLIGHT AVIATION SERVICES, INC.

36463643.5